QUINN EMANUEL URQUHART & SULLIVAN, LLP
  David Eiseman (Bar No. 114758)
  davideiseman@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California  94111-4788
Telephone:  (415) 875-6600
Facsimile:   (415) 875-6700

  Brian Dunne (Bar No. 275689)
  briandunne@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Defendants
Barnes & Noble, Inc. and
barnesandnoble.com llc

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDEN BRIDGE TECHNOLOGY, INC., | CASE NO. 12-cv-04014 ODW (FFMx) |
| Plaintiff, | **BARNES & NOBLE, INC. AND BARNESANDNOBLE.COM LLC'S ANSWER AND DEFENSES TO GOLDEN BRIDGE TECHNOLOGY, INC.'S COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS** |
| vs. | |
| APPLE, INC., et al., | |
| Defendants. | |

Barnesandnoble.com Inc. ceased to exist in 2007 and is no longer an entity capable of being sued.  Barnes & Noble, Inc. and barnesandnoble.com llc (collectively "Barnes & Noble") answer the allegations of the Complaint for Patent Infringement ("Complaint") filed by Golden Bridge Technology, Inc. ("Golden Bridge") as follows:

# THE PARTIES

1.      Barnes & Noble admits that Golden Bridge purports to be a New Jersey corporation with its principal place of business at 198 Brighton Avenue, Long Branch, New Jersey 07740, that U.S. Patent No. 6,075,793 (the "'793 patent") is entitled "High Efficiency Spread Spectrum System and Method," and that Golden Bridge purports to own the '793 patent by assignment.  Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1, and therefore denies them.

2.      Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2, and therefore denies them.

3.      Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3, and therefore denies them.

4.      Barnes & Noble admits that Barnes & Noble, Inc. is a Delaware corporation with Capitol Services, Inc. as its registered agent.

5.      Barnes & Noble admits that barnesandnoble.com llc is a subsidiary of Barnes & Noble, Inc. with its principal place of business in New York, New York and with Capitol Services, Inc. as its registered agent.

6.      Barnes & Noble denies the allegations of Paragraph 6. Barnesandnoble.com Inc. ceased to exist in 2007 and is no longer an entity capable of being sued.

7.      Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7, and therefore denies them.

8.      Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8, and therefore denies them.

9.      Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9, and therefore denies them.

10.     Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10, and therefore denies them.

11.    Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11, and therefore denies them.

12.    Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12, and therefore denies them.

13.    Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13, and therefore denies them.

14.    Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14, and therefore denies them.

15.    Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15, and therefore denies them.

16.    Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16, and therefore denies them.

17.    Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17, and therefore denies them.

18.    Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18, and therefore denies them.

19.    Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19, and therefore denies them.

20.    Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20, and therefore denies them.

21.    Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21, and therefore denies them.

22.    Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22, and therefore denies them.

23.    Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23, and therefore denies them.

24.    Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24, and therefore denies them.

1     25.     Barnes & Noble lacks knowledge or information sufficient to form a
2 belief as to the truth of the allegations of Paragraph 25, and therefore denies them.

3     26.     Barnes & Noble lacks knowledge or information sufficient to form a
4 belief as to the truth of the allegations of Paragraph 26, and therefore denies them.

5     27.     Barnes & Noble lacks knowledge or information sufficient to form a
6 belief as to the truth of the allegations of Paragraph 27, and therefore denies them.

7     28.     Barnes & Noble lacks knowledge or information sufficient to form a
8 belief as to the truth of the allegations of Paragraph 28, and therefore denies them.

9     29.     Barnes & Noble lacks knowledge or information sufficient to form a
10 belief as to the truth of the allegations of Paragraph 29, and therefore denies them.

11     30.     Barnes & Noble lacks knowledge or information sufficient to form a
12 belief as to the truth of the allegations of Paragraph 30, and therefore denies them.

13     31.     Barnes & Noble lacks knowledge or information sufficient to form a
14 belief as to the truth of the allegations of Paragraph 31, and therefore denies them.

15     32.     Barnes & Noble lacks knowledge or information sufficient to form a
16 belief as to the truth of the allegations of Paragraph 32, and therefore denies them.

17     33.     Barnes & Noble lacks knowledge or information sufficient to form a
18 belief as to the truth of the allegations of Paragraph 33, and therefore denies them.

19     34.     Barnes & Noble lacks knowledge or information sufficient to form a
20 belief as to the truth of the allegations of Paragraph 34, and therefore denies them.

21     35.     Barnes & Noble lacks knowledge or information sufficient to form a
22 belief as to the truth of the allegations of Paragraph 35, and therefore denies them.

23     36.     Barnes & Noble lacks knowledge or information sufficient to form a
24 belief as to the truth of the allegations of Paragraph 36, and therefore denies them.

25     37.     Barnes & Noble lacks knowledge or information sufficient to form a
26 belief as to the truth of the allegations of Paragraph 37, and therefore denies them.

27

28

**NATURE OF THE ACTION**

38.    Barnes & Noble admits that this is a civil action in which Golden Bridge purports to seek damages for acts of alleged patent infringement.  Barnes & Noble denies that it has committed patent infringement, denies the legal sufficiency of Golden Bridge's claims and allegations, and denies that Golden Bridge has any viable claim thereunder.

**JURISDICTION AND VENUE**

39.    Paragraph 39 states a conclusion of law to which no answer is required.

40.    Paragraph 40 states a conclusion of law to which no answer is required. To the extent an answer is required, Barnes & Noble admits that Barnes & Noble, Inc. is registered with the California Secretary of State, admits that Barnes & Noble does business in California and in this judicial district, and denies the remaining allegations of Paragraph 40.  Barnes & Noble denies that it has committed acts of patent infringement in this or any other judicial district.

41.    Paragraph 41 states a conclusion of law to which no answer is required. To the extent an answer is required, Barnes & Noble admits that it conducts business, including the sale of goods and services, in California and in this district, and denies the remaining allegations of Paragraph 41.

42.    Paragraph 42 states a conclusion of law to which no answer is required. To the extent an answer is required, Barnes & Noble denies that all defendants are properly joined in this action, and denies the remaining allegations of Paragraph 42.

**BACKGROUND OF THE DEVELOPMENT OF 3G WIRELESS NETWORKS**

43.    Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43, and therefore denies them.

44.    Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44, and therefore denies them.

45.     Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45, and therefore denies them.

46.     Barnes & Noble admits that a wireless network standard known as "3G" has been deployed.  Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 46, and therefore denies them.

## THE GLOBAL STANDARDIZATION OF 3G NETWORKS

47.     Barnes & Noble admits that the ITU is a standards-setting organization that promulgates standards for wireless telecommunications via groups including TIA and ETSI.  Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 47, and therefore denies them.

48.     Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48, and therefore denies them.

49.     Barnes & Noble denies the allegations of Paragraph 49.

50.     Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50, and therefore denies them.

## GBT'S [ALLEGED] CONTRIBUTIONS TO THE TELECOMMUNICATIONS STANDARDS REQUIRED BY THE IMT-2000 AND ARTICULATED BY 3GPP FOR 3G NETWORKS

51.     Barnes & Noble denies the allegations of Paragraph 51.

52.     Barnes & Noble denies the allegations of Paragraph 52.

53.     Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53, and therefore denies them.

54.     Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54, and therefore denies them.

55.     Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55, and therefore denies them.

02706.52029/4842089.1

56.     Barnes & Noble admits that a document referred to as "3GPP; Technical Specification Group Radio Access Network; Physical Layer Procedures (FDD)" was published.  Barnes & Noble denies the remaining allegations of Paragraph 56.

57.     Barnes & Noble denies the allegations of Paragraph 57.

58.     Barnes & Noble denies the allegations of Paragraph 58.

59.     Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59, and therefore denies them.

60.     Barnes & Noble admits that the '793 patent reflects an application date of February 6, 1998 and an issue date of June 13, 2000.  Barnes & Noble admits that Exhibit 1 to Golden Bridge's complaint purports to be a copy of the '793 patent. Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 60, and therefore denies them.

61.     Barnes & Noble denies the allegations of Paragraph 61.

62.     Barnes & Noble denies the allegations of Paragraph 62.

**DEFENDANT APPLE'S [ALLEGED] UNAUTHORIZED USE OF THE MULTICODE PATENT**

63.     Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63, and therefore denies them.

64.     Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64, and therefore denies them.

65.     Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65, and therefore denies them.

66.     Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66, and therefore denies them.

67.     Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67, and therefore denies them.

68.    Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68, and therefore denies them.

## DEFENDANT MOTOROLA'S [ALLEGED] UNAUTHORIZED USE OF THE MULTICODE PATENT

69.    Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69, and therefore denies them.

70.    Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70, and therefore denies them.

71.    Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71, and therefore denies them.

72.    Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72, and therefore denies them.

## DEFENDANT AMAZON'S [ALLEGED] UNAUTHORIZED USE OF THE MULTICODE PATENT

73.    Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73, and therefore denies them.

74.    Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74, and therefore denies them.

## DEFENDANT BARNES & NOBLE'S [ALLEGED] UNAUTHORIZED USE OF THE MULTICODE PATENT

75.    Barnes & Noble admits that it sells books, magazines and e-readers, among other items, through its stores and www.barnesandnoble.com.

76.    Barnes & Noble admits that it previously sold Nook 1st edition e-readers configured to be capable of connecting to wireless networks.  Barnes & Noble denies the remaining allegations of Paragraph 76.

## DEFENDANT DELL'S [ALLEGED] UNAUTHORIZED USE
## OF THE MULTICODE PATENT

77.     Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77, and therefore denies them.

78.     Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78, and therefore denies them.

## DEFENDANT HP'S [ALLEGED] UNAUTHORIZED USE
## OF THE MULTICODE PATENT

79.     Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79, and therefore denies them.

80.     Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80, and therefore denies them.

## DEFENDANT HTC'S [ALLEGED] UNAUTHORIZED USE
## OF THE MULTICODE PATENT

81.     Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 81, and therefore denies them.

82.     Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82, and therefore denies them.

83.     Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 83, and therefore denies them.

84.     Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 84, and therefore denies them.

85.     Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85, and therefore denies them.

## DEFENDANT LG'S [ALLEGED] UNAUTHORIZED USE
## OF THE MULTICODE PATENT

86.     Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86, and therefore denies them.

BARNES & NOBLE'S ANSWER AND DEFENSES TO GOLDEN
BRIDGE'S COMPLAINT AND COUNTERCLAIMS

CASE NO. 12-cv-04014 ODW

87.     Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87, and therefore denies them.

88.     Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 88, and therefore denies them.

89.     Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 89, and therefore denies them.

90.     Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 90, and therefore denies them.

## DEFENDANT LENOVO'S [ALLEGED] UNAUTHORIZED USE OF THE MULTICODE PATENT

91.     Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 91, and therefore denies them.

92.     Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 92, and therefore denies them.

## DEFENDANT PALM'S [ALLEGED] UNAUTHORIZED USE OF THE MULTICODE PATENT

93.     Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 93, and therefore denies them.

94.     Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 94, and therefore denies them.

95.     Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 95, and therefore denies them.

96.     Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 96, and therefore denies them.

## DEFENDANT PANTECH'S [ALLEGED] UNAUTHORIZED USE OF THE MULTICODE PATENT

97.     Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 97, and therefore denies them.

98.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 98, and therefore denies them.

### DEFENDANT RESEARCH IN MOTION'S [ALLEGED] UNAUTHORIZED USE OF THE MULTICODE PATENT

99.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 99, and therefore denies them.

100.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100, and therefore denies them.

101.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 101, and therefore denies them.

102.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102, and therefore denies them.

103.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 103, and therefore denies them.

### DEFENDANT SAMSUNG'S [ALLEGED] UNAUTHORIZED USE OF THE MULTICODE PATENT

104.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 104, and therefore denies them.

105.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 105, and therefore denies them.

106.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 106, and therefore denies them.

107.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 107, and therefore denies them.

### DEFENDANT SIERRA WIRELESS'S [ALLEGED] UNAUTHORIZED USE OF THE MULTICODE PATENT

108.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 108, and therefore denies them.

109.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 109, and therefore denies them.

**DEFENDANT SONY'S [ALLEGED] UNAUTHORIZED USE OF THE MULTICODE PATENT**

110.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 110, and therefore denies them.

111.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 111, and therefore denies them.

**DEFENDANT SONY MOBILE COMMUNICATIONS' [ALLEGED] UNAUTHORIZED USE OF THE MULTICODE PATENT**

112.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 112, and therefore denies them.

113.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 113, and therefore denies them.

114.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 114, and therefore denies them.

115.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 115, and therefore denies them.

**DEFENDANT ZTE'S [ALLEGED] UNAUTHORIZED USE OF THE MULTICODE PATENT**

116.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 116, and therefore denies them.

117.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 117, and therefore denies them.

**FIRST CLAIM FOR RELIEF AGAINST APPLE FOR [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 6,075,793**

118.   Barnes & Noble incorporates by reference its responses set forth in Paragraphs 1-117.

119.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 119, and therefore denies them.

120.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 120, and therefore denies them.

121.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 121, and therefore denies them.

122.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 122, and therefore denies them.

123.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 123, and therefore denies them.

124.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 124, and therefore denies them.

## SECOND CLAIM FOR RELIEF AGAINST MOTOROLA FOR [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 6,075,793

125.   Barnes & Noble incorporates by reference its responses set forth in Paragraphs 1-124.

126.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 126, and therefore denies them.

127.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 127, and therefore denies them.

128.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 128, and therefore denies them.

129.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 129, and therefore denies them.

130.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 130, and therefore denies them.

131.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 131, and therefore denies them.

## THIRD CLAIM FOR RELIEF AGAINST AMAZON FOR [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 6,075,793

132.   Barnes & Noble incorporates by reference its responses set forth in Paragraphs 1-131.

133.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 133, and therefore denies them.

134.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 134, and therefore denies them.

135.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 135, and therefore denies them.

136.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 136, and therefore denies them.

137.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 137, and therefore denies them.

## FOURTH CLAIM FOR RELIEF AGAINST BARNES & NOBLE FOR [ALLEGED]  INFRINGEMENT OF U.S. PATENT NO. 6,075,793

138.   Barnes & Noble incorporates by reference its responses set forth in Paragraphs 1-137.

139.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 139, and therefore denies them.

140.   Barnes & Noble denies the allegations of Paragraph 140.

141.   Barnes & Noble denies the allegations of Paragraph 141.

142.   Paragraph 142 states a conclusion of law to which no answer is required.  To the extent an answer is required, Barnes & Noble admits that it now has notice of the '793 patent, but denies that it has notice of any allegations by Golden Bridge concerning any specific claim of the '793 patent.  Barnes & Noble denies the remaining allegations of Paragraph 142.

143.   Barnes & Noble denies the allegations of Paragraph 143.

## FIFTH CLAIM FOR RELIEF AGAINST DELL FOR [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 6,075,793

144.   Barnes & Noble incorporates by reference its responses set forth in Paragraphs 1-143.

145.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 145, and therefore denies them.

146.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 146, and therefore denies them.

147.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 147, and therefore denies them.

148.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 148, and therefore denies them.

149.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 149, and therefore denies them.

## SIXTH CLAIM FOR RELIEF AGAINST HP FOR [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 6,075,793

150.   Barnes & Noble incorporates by reference its responses set forth in Paragraphs 1-149.

151.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 151, and therefore denies them.

152.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 152, and therefore denies them.

153.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 153, and therefore denies them.

154.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 154, and therefore denies them.

155.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 155, and therefore denies them.

## SEVENTH CLAIM FOR RELIEF AGAINST HTC FOR [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 6,075,793

156.   Barnes & Noble incorporates by reference its responses set forth in Paragraphs 1-155.

157.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 157, and therefore denies them.

158.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 158, and therefore denies them.

159.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 159, and therefore denies them.

160.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 160, and therefore denies them.

161.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 161, and therefore denies them.

162.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 162, and therefore denies them.

## EIGHTH CLAIM FOR RELIEF AGAINST LG FOR [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 6,075,793

163.   Barnes & Noble incorporates by reference its responses set forth in Paragraphs 1-162.

164.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 164, and therefore denies them.

165.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 165, and therefore denies them.

166.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 166, and therefore denies them.

167.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 167, and therefore denies them.

168.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 168, and therefore denies them.

169.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 169, and therefore denies them.

## NINTH CLAIM FOR RELIEF AGAINST LENOVO FOR [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 6,075,793

170.   Barnes & Noble incorporates by reference its responses set forth in Paragraphs 1-169.

171.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 171, and therefore denies them.

172.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 172, and therefore denies them.

173.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 173, and therefore denies them.

174.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 174, and therefore denies them.

175.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 175, and therefore denies them.

176.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 176, and therefore denies them.

## TENTH CLAIM FOR RELIEF AGAINST PALM FOR [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 6,075,793

177.   Barnes & Noble incorporates by reference its responses set forth in Paragraphs 1-176.

178.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 178, and therefore denies them.

179.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 179, and therefore denies them.

180.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 180, and therefore denies them.

181.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 181, and therefore denies them.

182.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 182, and therefore denies them.

183.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 183, and therefore denies them.

## ELEVENTH CLAIM FOR RELIEF AGAINST PANTECH FOR [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 6,075,793

184.   Barnes & Noble incorporates by reference its responses set forth in Paragraphs 1-183.

185.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 185, and therefore denies them.

186.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 186, and therefore denies them.

187.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 187, and therefore denies them.

188.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 188, and therefore denies them.

189.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 189, and therefore denies them.

190.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 190, and therefore denies them.

## TWELFTH CLAIM FOR RELIEF AGAINST RIM FOR [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 6,075,793

191.   Barnes & Noble incorporates by reference its responses set forth in Paragraphs 1-190.

BARNES & NOBLE'S ANSWER AND DEFENSES TO GOLDEN BRIDGE'S COMPLAINT AND COUNTERCLAIMS

CASE NO. 12-cv-04014 ODW

192.    Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 192, and therefore denies them.

193.    Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 193, and therefore denies them.

194.    Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 194, and therefore denies them.

195.    Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 195, and therefore denies them.

196.    Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 196, and therefore denies them.

197.    Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 197, and therefore denies them.

## THIRTEENTH CLAIM FOR RELIEF AGAINST SAMSUNG FOR [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 6,075,793

198.    Barnes & Noble incorporates by reference its responses set forth in Paragraphs 1-197.

199.    Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 199, and therefore denies them.

200.    Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 200, and therefore denies them.

201.    Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 201, and therefore denies them.

202.    Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 202, and therefore denies them.

203.    Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 203, and therefore denies them.

204.    Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 204, and therefore denies them.

## FOURTEENTH CLAIM FOR RELIEF AGAINST SIERRA WIRELESS FOR [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 6,075,793

205.  Barnes & Noble incorporates by reference its responses set forth in Paragraphs 1-204.

206.  Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 206, and therefore denies them.

207.  Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 207, and therefore denies them.

208.  Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 208, and therefore denies them.

209.  Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 209, and therefore denies them.

210.  Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 210, and therefore denies them.

## FIFTEENTH CLAIM FOR RELIEF AGAINST SONY FOR [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 6,075,793

211.  Barnes & Noble incorporates by reference its responses set forth in Paragraphs 1-210.

212.  Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 212, and therefore denies them.

213.  Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 213, and therefore denies them.

214.  Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 214, and therefore denies them.

215.  Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 215, and therefore denies them.

216.  Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 216, and therefore denies them.

## SIXTEENTH CLAIM FOR RELIEF AGAINST SONY MOBILE FOR [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 6,075,793

217.   Barnes & Noble incorporates by reference its responses set forth in Paragraphs 1-216.

218.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 218, and therefore denies them.

219.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 219, and therefore denies them.

220.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 220, and therefore denies them.

221.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 221, and therefore denies them.

222.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 222, and therefore denies them.

223.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 223, and therefore denies them.

224.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 224, and therefore denies them.

## SEVENTEENTH CLAIM FOR RELIEF AGAINST ZTE FOR [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 6,075,793

225.   Barnes & Noble incorporates by reference its responses set forth in Paragraphs 1-224.

226.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 226, and therefore denies them.

227.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 227, and therefore denies them.

228.   Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 228, and therefore denies them.

229. Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 229, and therefore denies them.

230. Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 230, and therefore denies them.

## PRAYER FOR RELIEF

Barnes & Noble denies that Golden Bridge is entitled to the relief requested in Paragraphs 1 - 6 of its Prayer for Relief as those relate to Barnes & Noble. Barnes & Noble lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Golden Bridge's Prayer for Relief, and therefore denies them.

## DEFENSES

Barnes & Noble asserts the following affirmative and other defenses to Golden Bridge's claims without assuming any burden of proof that it would not otherwise have. Barnes & Noble reserves the right to allege additional defenses as further information is obtained through the course of discovery.

## FIRST DEFENSE
## (Non-Infringement)

1. Barnes & Noble has not infringed and does not infringe any valid and enforceable claims of the '793 patent either literally or under the doctrine of equivalents, willfully or otherwise.

## SECOND DEFENSE
## (Invalidity)

2. The claims of the '793 patent are invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and 112.

**THIRD DEFENSE**

**(Prosecution History Estoppel/Judicial Estoppel)**

3.      Golden Bridge is estopped from construing the claims in the '793 patent in such a way as to cover Barnes & Noble's activities because of prior statements made in or to this Court or any other court, prior rulings of this or any other court, Golden Bridge's prior conduct, the amendment, cancellation, or abandonment of claims before the United States Patent and Trademark Office, and/or admissions or other statements made to the United States Patent and Trademark Office.

**FOURTH DEFENSE**

**(No Injunctive Relief)**

4.      Golden Bridge is not entitled to injunctive relief because of its obligation to license the '793 patent under fair, reasonable, and nondiscriminatory (FRAND) terms.  Golden Bridge is further not entitled to injunctive relief because any alleged injury is not immediate or irreparable, and Golden Bridge has adequate remedy at law.

**FIFTH DEFENSE**

**(License)**

5.      To the extent that any claims of the '793 patent are essential to any standard, Golden Bridge has committed to license the patent under FRAND terms.

**SIXTH DEFENSE**

**(35 U.S.C. § 287 and § 288)**

6.      Golden Bridge has failed to comply with the provisions of 35 U.S.C. § 287, and any claim for damages for patent infringement is limited to those damages occurring after legally proper notice of alleged infringement.  To the extent that any claim of the '793 patent is held invalid, Golden Bridge is precluded under 35 U.S.C. § 288 from recovering costs relating to this action.

## SEVENTH DEFENSE

### (Equity)

7.     Golden Bridge's claims are barred, in whole or in part, by equitable doctrines of laches, equitable estoppel, and unclean hands.

## EIGHTH DEFENSE

### (Failure To State a Claim)

8.     Golden Bridge has failed to state a claim upon which relief can be granted.

## RESERVATION OF ADDITIONAL DEFENSES

9.     Barnes & Noble's investigation of its defenses is ongoing.  Barnes & Noble expressly reserves the right to allege and assert any additional defenses that may exist now or in the future.

## COUNTERCLAIMS

Barnes & Noble asserts counterclaims against Golden Bridge as follows:

## NATURE AND BASIS OF ACTION

1.     This is an action seeking declaratory judgments of non-infringement and invalidity of the '793 patent.

## JURISDICTION AND VENUE

2.     This action arises under the patent laws of the United States, Title 35, United States Code § 1, et seq., and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

3.     This Court has subject matter jurisdiction pursuant to, without limitation, Title 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

4.     Golden Bridge has submitted to the personal jurisdiction of this Court by bringing the present action.

5.     Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1367 and 1391.

**PARTIES**

6.    Barnes & Noble, Inc. is a Delaware corporation with its principal place of business at 122 Fifth Avenue, New York, New York 10011.

7.    barnesandnoble.com llc is a subsidiary of Barnes & Noble, Inc. and a Delaware corporation with its principal place of business at 76 Ninth Avenue, New York, New York 10011.

8.    According to the allegations set for in Paragraph 1 of Golden Bridge's Complaint, Golden Bridge is a New Jersey corporation with its principal place of business at 198 Brighton Avenue, Long Branch, New Jersey 07740.

**GENERAL ALLEGATIONS**

9.    In its Complaint, Golden Bridge purports to be the owner of all right, title and interest to the '793 patent, including the right to enforce the patent.

10.    In its Complaint, Golden Bridge alleges that Barnes & Noble has infringed and continues to infringe the '793 patent.  As set forth in its Answer above, Barnes & Noble denies that any of its products infringe any valid and enforceable claims of the '793 patent.

11.    Accordingly, there is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1, et seq., and that controversy is ripe for adjudication by this Court.

**COUNT I**

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,075,793)**

12.    Barnes & Noble realleges and incorporates by reference Paragraphs 1 through 12, inclusive, of its Counterclaims as though fully set forth herein.

13.    Barnes & Noble has not infringed and does not infringe any valid and enforceable claims of the '793 patent either literally or under the doctrine of equivalents, willfully or otherwise.

14.    To resolve the legal and factual questions raised by Golden Bridge, and to afford relief from the uncertainty and controversy arising from Golden Bridge's

BARNES & NOBLE'S ANSWER AND DEFENSES TO GOLDEN
BRIDGE'S COMPLAINT AND COUNTERCLAIMS

CASE NO. 12-cv-04014 ODW

Complaint, Barnes & Noble is entitled to declaratory judgment that it has not infringed and does not infringe any valid and enforceable claims of the '793 patent either literally or under the doctrine of equivalents, willfully or otherwise.

### COUNT II

### (Declaratory Judgment of Invalidity of U.S. Patent No. 6,075,793)

15.     Barnes & Noble realleges and incorporates by reference Paragraphs 1 through 15, inclusive, of its Counterclaims as though fully set forth herein.

16.     The claims of the '793 patent are invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and 112.

17.     To resolve the legal and factual questions raised by Golden Bridge, and to afford relief from the uncertainty and controversy arising from Golden Bridge's Complaint, Barnes & Noble is entitled to declaratory judgment that the '793 patent is invalid.

### PRAYER FOR RELIEF

WHEREFORE, Barnes & Noble prays for relief as follows:

A.     For a declaration that Barnes & Noble does not infringe any valid and enforceable claim of the '793 patent, either literally or under the doctrine of equivalents, willfully or otherwise;

B.     For a declaration that the claims of the '793 patent are invalid;

C.     For a declaration that this is an exceptional case, and an award to Barnes & Noble of its attorneys' fees, pursuant to 35 U.S.C. § 285 and/or other applicable authority;

D.     For an award to Barnes & Noble of all costs; and

E.     For such other relief as this Court deems just and proper.

### JURY DEMAND

Barnes & Noble hereby demands trial by jury on all issues.

1    DATED:   July 3, 2012                   QUINN EMANUEL URQUHART &
2                                            SULLIVAN, LLP

3

4                                            By:  /s/ David Eiseman
                                                 David Eiseman (Bar No. 114758)
5                                                davideiseman@quinnemanuel.com
                                                 50 California Street, 22nd Floor
6                                                San Francisco, California  94111-4788
                                                 Telephone:  (415) 875-6600
7                                                Facsimile:   (415) 875-6700

8                                                Brian Dunne (Bar No. 275689)
                                                 briandunne@quinnemanuel.com
9                                                865 South Figueroa Street, 10th Floor
                                                 Los Angeles, California  90017-2543
10                                               Telephone:  (213) 443-3000
                                                 Facsimile:   (213) 443-3100

11                                               Attorneys for Defendants Barnes &
                                                 Noble, Inc. and barnesandnoble.com llc
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>CERTIFICATE OF SERVICE</u>

2   The undersigned certifies that counsel of record who are deemed to have consented

3   to electronic service are being served on July 3, 2012, with a copy of this document

4   via the Court's CM/ECF system per Local Rules.  Any other counsel will be served

5   by electronic mail, fascimile, overnight delivery, and/or first class mail on this date.

6   The undersigned further certifies that plaintiff Golden Bridge Technology, Inc. was

7   served with a copy of this document via Federal Express.  The undersigned is

8   personally and readily familiar with the business practice of Quinn Emanuel

9   Urquhart & Sullivan, LLP regarding the collection and processing of documents for

10  overnight delivery via Federal Express.  On July 3, 2012, the undersigned caused a

11  copy of this document to be deposited at a facility regularly maintained by Federal

12  Express for overnight delivery to the following party:

13
14          Lawrence M. Hadley
            Mieke K. Malmberg
            Roderick G Dorman
15          **McKool Smith Hennigan PC**
            865 South Figueroa Street, Suite 2900
16          Los Angeles, CA 90017
17
18          *Attorneys for Plaintiff Golden Bridge Technology, Inc.*

19
20                          By:    */s/ David Eiseman*
21                                 David Eiseman
22
23
24
25
26
27
28

02706.52029/4842089.1

Barnes & Noble's Answer and Defenses to Golden
Bridge's Complaint and Counterclaims

Case No. 12-cv-04014 ODW