RODERICK G. DORMAN (SBN 96908)
rdorman@mckoolsmithhennigan.com
LAWRENCE M. HADLEY (SBN 157728)
lhadley@mckoolsmithhennigan.com
MIEKE K. MALMBERG (SBN 209992)
mmalmberg@mckoolsmithhennigan.com
JEFFREY HUANG (SBN 266774)
jhuang@mckoolsmithhennigan.com
MCKOOL SMITH HENNIGAN, P.C.
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
Telephone:    (213) 694-1200
Facsimile:    (213) 694-1234

Attorneys for Plaintiff
GOLDEN BRIDGE TECHNOLOGY, INC.


TIMOTHY S. TETER
teterts@cooley.com
LOWELL D. MEAD
lmead@cooley.com
COOLEY LLP
3175 Hanover Street, Palo Alto
Five Palo Alto Square • 3000 El Camino Real
Palo Alto, CA  94306-2155
Telephone:    (650) 843-5275
Facsimile:    (650) 849-7400

Attorneys for Defendant
APPLE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDEN BRIDGE TECHNOLOGY, INC., <br><br> Plaintiff, <br><br> vs. <br><br> APPLE, INC., <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIM. | Case No. CV-12-04882-PSG <br><br> **JOINT STIPULATION BASED ON NEED TO EXTEND ALL CASE DEADLINES BY APPROXIMATELY 60 DAYS** |

-1-

Case No. CV-12-04882-PSG

JOINT STIPULATION TO EXTEND CASE DEADLINES

833841

Pursuant to Local Rule 6-2, plaintiff Golden Bridge Technology, Inc. and defendant Apple Inc. jointly stipulate, subject to the Court's approval, to extend all deadlines in the current case schedule by approximately 60 days. The current schedule, as ordered by the Court, is set forth in the Order Granting (As Modified) Supplemental Joint Case Management Conference Statement [Docket No. 265]. The parties have observed and met those dates through the event: "Fact Discovery Cut-Off." The parties have worked together cooperatively with each other and with third parties to obtain third-party discovery efficiently and with limited disruption to non-parties. However, the parties have been unable to complete fact discovery by the currently existing fact discovery cut-off date due to events and delays beyond their control, and due to the parties' mutual desire to work cooperatively with third parties in obtaining documents that GBT and/or Apple view as highly relevant to the liability and damage issues in this action. More specifically, the reasons that have required this stipulation and extension of dates are the following:

(1) The Apple products accused of infringement use chip sets designed and manufactured by Qualcomm and Intel, third parties to this case. Information concerning the technological specifics of those chip sets, and information concerning precisely how they operate, is potentially among the most relevant factual information in this case, and such information is largely in the exclusive possession of third parties. That information includes source code. GBT served subpoenas on Qualcomm and Intel and has been working with them concerning the nature and amount of information to be provided, the required confidentiality protections for that information, the manner in which such information and source code will be produced and must be reviewed, and the identity of the party experts who the third parties will permit to examine the confidential information. GBT has requested, and Apple has agreed, that production of this information precede certain depositions which cannot be completed until the necessary permissions are obtained. GBT has also requested, and Apple has agreed, that those fact depositions be completed before infringement and non-infringement expert reports are prepared.

(2) Licensing information in the possession of both Apple and GBT may be highly relevant

to a determination of reasonable royalty damages in this case.  Without waiving any argument regarding whether any particular license is comparable or otherwise relevant or admissible, both GBT and Apple have requested licenses from each other, and both GBT and Apple have agreed to produce such licenses.  However, although such licenses are in the possession of Apple and GBT, certain of those licenses cannot be produced in discovery at this time because they contractually obligate a licensed party to notify and receive the consent of the contracting party before production of the license in litigation. Requests for permission to disclose these necessary documents were made by Apple and GBT in a timely manner, but third party consent for certain productions has been delayed due to lengthy foreign summer vacation schedules and other conflicts.  The parties in this action continue to diligently work towards obtaining the proper permissions and producing this limited, but potentially important set of documents, to one another.  The parties agree that production of this information, which cannot be completed until the necessary permissions are obtained, should precede certain fact depositions, and that those fact depositions should be completed before damage expert reports are prepared.

      For these reasons the parties respectfully request the Court to order the changes to the Case Management Order set forth below.  Commencing with the event "Fact Discovery Cut Off", the proposed new dates move all remaining dates for the entire schedule by approximately 60 days, with certain minor additional adjustments.  For example, Apple and GBT both agree that initial infringement expert reports should precede by at least a week initial damage reports, since any facts relating to the functionality of the accused devices, performance or reliability improvements of the patented technology over the prior art, and potential "design arounds" may be relevant to the reasonable royalty damages expert reports.  Additionally, the expert discovery cut-off has been adjusted outward slightly to assure that expert depositions need not occur during the holidays.

-3-

Case No. CV-12-04882-PSG

JOINT STIPULATION TO EXTEND CASE DEADLINES

833841

## ~~PROPOSED~~ SCHEDULE

| Event | Previously Agreed Date [Docket No. 265] | New Agreed-Upon Date |
|---|---|---|
| Fact discovery cut-off [however, no additional written discovery may be propounded between the parties] | August 16, 2013 | October 25, 2013 |
| Expert Reports on which the party bears the burden of proof other than Damages (e.g., Infringement (GBT) and Invalidity (Apple)) | August 30, 2013 | November 8, 2013 |
| Expert Report on Damages (GBT) | Not included in previous schedule as separate date. | November 15, 2013 |
| Rebuttal expert reports on non-infringement (Apple) and Rebuttal Report on Validity (GBT) | Not included in previous schedule as separate date. | December 6, 2013 |
| Rebuttal Report on Damages (Apple) | Not included in previous schedule as separate date. | December 13, 2013 |
| Expert discovery cut-off | October 18, 2013 | January 10, 2014 |
| Deadline to file dispositive motions | November 1, 2013 | January 17, 2014 |
| Due date for oppositions to | November 22, 2013 | February 7, 2014 |

Case No. CV-12-04882-PSG     JOINT STIPULATION TO EXTEND CASE DEADLINES

833841

| Event | Previously Agreed Date [Docket No. 265] | New Agreed-Upon Date |
|---|---|---|
| dispositive motions filed on motion cut-off date | | |
| Due date for replies in support of dispositive motions filed on motion cut-off date | December 6, 2013 | February 13, 2014 |
| Proposed hearing date for dispositive motions | December 17, 2013 at 10 AM | March 4, 2014, or at the convenience of the Court. |
| Final date to submit witness lists and exhibit lists pursuant to Rule 26(a)(3) | January 14, 2014 | April 1, 2014 |
| Pre-trial conference | January 21, 2014 at 2:00 PM | May 6 at 10:00 AM ~~April 8, 2014 at 2:00 p.m.~~, or at the convenience of the Court |
| Final date to file objections pursuant to Rule 26(a)(3) | January 21, 2014 | May 6 ~~April 8,~~ 2014 |
| Proposed trial date | February 10, 2014 at 9:30 a.m. | May 19 ~~April 28,~~ 2014 at 9:30 a.m. or at the convenience of the Court. |

Case No: CV-12-04882-PSG

JOINT STIPULATION TO EXTEND CASE DEADLINES

833841

Pursuant to Local Rule 6-2, this stipulation is accompanied by the declaration of Roderick G. Dorman submitted herewith.

Jointly submitted:

DATED:   August 26, 2013            McKOOL SMITH HENNIGAN, P.C.




By   */s/ Roderick G. Dorman*
         Roderick G. Dorman

Attorneys for Plaintiff, GOLDEN BRIDGE TECHNOLOGY, INC.


DATED:   August 26, 2013            COOLEY LLP




By   */s/ Timothy S. Teter*
         Timothy S. Teter

Attorneys for Defendant APPLE, INC.

IT IS SO ORDERED (AS MODIFIED).
August 29, 2013

_____
PAUL S. GREWAL
U.S. MAGISTRATE JUDGE