COOLEY LLP
TIMOTHY S. TETER (171451) (teterts@cooley.com)
LOWELL D. MEAD (223989) (lmead@cooley.com)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

Attorneys for Defendant
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Golden Bridge Technology Inc., <br><br> Plaintiff, <br><br> v. <br><br> Apple Inc., <br><br> Defendant. | Case No. 5:12-cv-04882-PSG <br><br> **APPLE INC.'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO PRE-SUIT DAMAGES** <br><br> Date: March 4, 2014 <br> Time: 10:00 a.m. <br> Courtroom: 5, 4th Floor <br> Judge: The Hon. Paul S. Grewal <br><br> **FILED UNDER SEAL** <br> **RESTRICTED CONFIDENTIAL** |

REDACTED/PUBLIC VERSION OF DOCUMENT SOUGHT TO BE SEALED

# Table of Contents

Page

RELIEF REQUESTED ........................................................................................................... 1
MEMORANDUM OF POINTS AND AUTHORITIES ....................................................... 1
I. INTRODUCTION ........................................................................................................ 1
II. STATEMENT OF ISSUES TO BE DECIDED ........................................................... 2
III. STATEMENT OF FACTS ........................................................................................... 2
    A. ██████████████████████████████████████████████████ 2
        1. ██████████████████████████████████ ........................... 2
        2. ██████████████████████████████████ ........................... 2
    B. GBT's Complaint against Apple, ████████████ Contends that the
'793 Patent is Essential to the HSUPA Standard. ............................................ 2
    C. ██████████████████████ HSUPA-Capable Smart Phones in the
United States Between June 2010 and May 2012. ........................................... 3
    D. ████████████ Did Not Mark with the '793 Patent Number. ........................ 4
    E. Chronology of Key Events. ............................................................................... 4
IV. LEGAL STANDARDS ................................................................................................ 4
    A. Summary Judgment Is Appropriate when the Party Bearing the Burden of
Proof Presents No Evidence to Support Its Case. ............................................. 4
    B. The Patentee Bears the Burden of Providing Compliance with the Marking
Statute by Providing Notice of Infringement or Marking Patented Articles. ......... 5
V. ARGUMENT ................................................................................................................ 6
    A. GBT Identifies No Evidence that It Specifically Charged Apple with
Infringing the '793 Patent Prior to Filing this Suit in May 2012. ..................... 6
    B. GBT Identifies No Evidence that ████████████████████████
HSUPA-Capable Products with the '793 Patent Number Prior to GBT
Filing this Lawsuit. ............................................................................................ 6
        1. ████████████████████████████ in the U.S. Prior to May 2012. ...... 7
        2. GBT Identifies No Evidence ████████████████ GBT
Made Efforts to Ensure Proper Marking. ............................................... 8
VI. CONCLUSION ............................................................................................................ 9

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*American Med. Sys. v. Medical Engineering Corp.*,
6 F. 3d 1523 (Fed. Cir. 1993) .................................................................................................. 6

*Amsted Indus. Inc. v. Buckeye Steel Castings Co.*,
24 F.3d 178 (Fed. Cir. 1994) ............................................................................................. 5, 6

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) ........................................................................................................... 5, 9

*Clancy Sys. Int'l, Inc. v. Symbol Techs., Inc.*,
953 F. Supp. 1170 (D. Colo. 1997) ...................................................................................... 4

*DR Sys., Inc. v. Eastman Kodak Co.*,
2009 WL 2632685 (S.D. Cal. Aug. 25, 2009) .................................................................... 6

*Dunlap v. Schofield,*
152 U.S. 244 (1894) .............................................................................................................. 5

*Exigent Tech., Inc. v. Atrana Solutions, Inc.*,
442 F.3d 1301 (Fed. Cir. 2006) ............................................................................... 5, 6, 7, 9

*Golden Bridge Technology, Inc. v. Apple Inc.*,
937 F. Supp. 2d 504 (D. Del. 2013) .................................................................................... 6

*Laitram Corp. v. Hewlett-Packard Co., Inc.*,
806 F.Supp. 1294 (E.D. La. 1992) ...................................................................................... 6

*Loral Fairchild Corp. v. Victor Co. of Japan.*,
906 F. Supp. 813 (E.D.N.Y. 1995) ...................................................................................... 4

*Maxwell v. J. Baker, Inc.*,
86 F.3d 1098 (Fed. Cir. 1996) ............................................................................................. 5

*Nike, Inc. v. Wal-Mart Stores, Inc.*,
138 F.3d 1437 (Fed. Cir. 1998) ........................................................................................... 5

*Soverain Software LLC v. Amazon. com, Inc.*,
383 F. Supp. 2d 904 (E.D. Tex. 2005) ................................................................................ 4

*US Ethernet Innovations, LLC v. Acer, Inc.*,
2013 WL 4456161 (N.D. Cal. Aug. 16, 2013) ................................................................... 4

*WiAV Solutions LLC v. Motorola, Inc.*,
732 F. Supp. 2d 634 (E.D. Va. 2010) ..................................................................... 4, 6, 7, 9

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

ii.

**APPLE'S PARTIAL MSJ RE
NO PRE-SUIT DAMAGES**

# TABLE OF AUTHORITIES
### (continued)

Page(s)

**STATUTES**

35 U.S.C.
　§ 287 ............................................................................................................................. 1, 5, 6
　§ 287(a) ..................................................................................................................... 1, 4, 5, 6

**OTHER AUTHORITIES**

Fed. R. Civ. P. 56 (c) ............................................................................................................ 4

Rule 26 ................................................................................................................................. 6

Cooley LLP
Attorneys At Law
Palo Alto

iii.

APPLE'S PARTIAL MSJ RE
NO PRE-SUIT DAMAGES

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 4, 2014 at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Paul S. Grewal, Magistrate Judge of the United States District Court for the Northern District of California, there will be a hearing on Defendant Apple Inc.'s ("Apple") motion for partial summary judgment that Plaintiff Golden Bridge Technology, Inc. ("GBT") is not entitled to seek pre-suit damages as a result of its failure to comply with the marking statute, 35 U.S.C. § 287.

This motion is based on the Notice of Motion and Motion, the Memorandum of Points in Authorities in Support, the Declaration of Lowell D. Mead filed herewith, the [Proposed] Order filed herewith, all of the files and records of this action and any additional material that may be elicited at the hearing of this Motion.

## RELIEF REQUESTED

Apple seeks an order that GBT may not recover damages for alleged infringement of the '793 patent occurring prior to May 8, 2012, the date GBT filed the Complaint in this action.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Under 35 U.S.C. § 287(a), GBT cannot recover pre-suit damages in this case unless it can prove either (1) GBT previously notified Apple of alleged infringement of the asserted '793 patent, or (2) GBT's licensees marked their licensed products with the '793 patent number. There is no record evidence to support either finding.

First, GBT did not notify Apple of alleged infringement of the '793 patent prior to filing this lawsuit. GBT sent Apple a letter in 2009 discussing other GBT patents and sued Apple on other patents in 2010, but did not accuse Apple of infringing the '793 patent prior to filing suit.

Second, there is no evidence that ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ marked the '793 patent number on the smart phones they offered in the U.S. prior to May 2012 supporting the HSUPA standard, which GBT contends necessarily practices the '793 patent. ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ GBT made no effort to ensure that they nevertheless mark. Partial summary judgment should be granted.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Whether there is substantial record evidence to support a finding that GBT provided actual notice to Apple of alleged infringement of the '793 patent prior to May 8, 2012.

2. Whether there is substantial record evidence to support a finding that ▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ marked their HSUPA-enabled products with the '793 patent number.

## III. STATEMENT OF FACTS

**A.** ▓▓▓▓▓▓▓▓

    **1.** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

    **2.** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

**B. GBT's Complaint against Apple, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Contends that the '793 Patent is Essential to the HSUPA Standard.**

GBT filed this action on May 8, 2012 against Apple and 15 other defendant groups—▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓—in the Central District of California. (D.I. 1.) GBT contended that the '793 patent claims "read on the UMTS 3GPP standard, such that infringement in this case can be proven by establishing that

(i) the accused devices satisfy the UMTS 3GPP standard (which defendants all claim to satisfy) and (ii) the asserted claims of the '793 patent read on the standard." (D.I. 1 at 10.) GBT's infringement contentions and damages expert report in this case contended that the '793 patent is essential to practice the High Speed Uplink Packet Access ("HSUPA") feature in certain versions of the UMTS standard. (*See*, *e.g.*, *id*.; Mead Decl. Ex. 3 at 3.)[1]

**C.** ███████████████████████ **HSUPA-Capable Smart Phones in the United States Between June 2010 and May 2012.**

GBT alleges that the damages period in this case begins with Apple's introduction of its first HSUPA-capable smart phone (the iPhone 4) in June 2010. (Mead Decl. Ex. 3 at 2, 7.) ███████████████████████████████████████████████████████████████ GBT's damages expert, Karl Schulze, testified that ██████████ HSUPA-capable products in the U.S. as early as 2009, continuing with product releases into 2012. (Mead Decl. Ex. 4, Schulze Tr. 73:25-74:14 (Schulze's research █████████; 74:15-77:10, 78:12-79:5, 79:14-16, 81:2-12 (discussing ██████ handsets with HSUPA).) GBT's expert also agrees that ████████████████████████████████████ . (*Id*. at 84:23-85:1.) ███████████████████████████████████████████████████████████████████████████████████████████[3]

---

[1] GBT's expert, Dr. Vojcic, admits that the standard does not specify *how* a handset should synchronize the E-DPDCH channels, which as a practical matter, is tantamount to an admission that the '793 patent is not essential to HSUPA. (*See* Dkt. 304 (Apple's Motion for Summary Judgment).) Nonetheless, GBT continues to insist that the '793 patent is essential to practice HSUPA. Thus, for purposes of this motion and the marking requirement, ████████████████████████ .

[2] *See, e.g.,* ███████████████████████████████████████

[3] *See, e.g.,* M███████████████████████████████████

**APPLE'S PARTIAL MSJ RE NO PRE-SUIT DAMAGES**

1       **D.**     ██████████████████████ **Mark with the '793 Patent Number.**

GBT has provided no evidence that ████████████ marked any their HSUPA-enabled smart phones with the '793 patent number. GBT's damages expert Mr. Schulze did not have any evidence that ████████████. (Mead Decl. Ex. 4, Schulze Tr. 85:2-7.)

      **E.**     **Chronology of Key Events.**

The following chronology summarizes the key events noted above.

| Date | Event |
|---|---|
| May 24, 2002 | ████████████████████████████████████████ |
| August 8, 2007 | ████████████████████████████████████████. |
| Late 2009 through May 2012 | ████████████████ HSUPA-enabled smartphones in the U.S. without marking with the '793 patent number. |
| 2010 through May 2011 | ████████████ HSUPA-enabled smartphones in the U.S. without marking with the '793 patent number. |
| June 2010 | Alleged Apple damages period commences with iPhone 4 release. |
| May 8, 2012 | GBT files its Complaint. GBT contends the '793 patent is essential to HSUPA. |

## IV. LEGAL STANDARDS

      **A.**     **Summary Judgment Is Appropriate when the Party Bearing the Burden of Proof Presents No Evidence to Support Its Case.**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c). Although whether a patentee has complied with the marking statute, 35 U.S.C. § 287(a), is a question of fact, where the underlying facts are undisputed, the issue is ripe for summary judgment. *See, e.g.*, *WiAV Solutions LLC v. Motorola, Inc.*, 732 F. Supp. 2d 634, 637-643 (E.D. Va. 2010) (granting summary judgment on marking where patentee failed to provide evidence that licensees marked); *US Ethernet Innovations, LLC v. Acer, Inc.*, 2013 WL 4456161 at *10 (N.D. Cal. Aug. 16, 2013) (same); *Soverain Software LLC v. Amazon. com, Inc.*, 383 F. Supp. 2d 904, 908-09 (E.D. Tex. 2005) (same); *Clancy Sys. Int'l, Inc. v. Symbol Techs., Inc.*, 953 F. Supp. 1170, 1175 (D. Colo. 1997); *Loral Fairchild Corp. v. Victor Co. of Japan.*, 906 F. Supp. 813, 817-18 (E.D.N.Y. 1995) (Rader, Fed. Cir. J., sitting by designation) (same).

On summary judgment, where "the nonmovant bears the burden of proof . . . the movant

need not 'produce evidence' showing the absence of a genuine issue of material fact in order to properly support its summary judgment motion." *Exigent Tech., Inc. v. Atrana Solutions, Inc.*, 442 F.3d 1301, 1307-08 (Fed. Cir. 2006), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Exigent*, 442 F.3d at 1308, quoting *Celotex*, 477 U.S. at 325.

**B. The Patentee Bears the Burden of Providing Compliance with the Marking Statute by Providing Notice of Infringement or Marking Patented Articles.**

In order to recover pre-suit damages, under 35 U.S.C. § 287(a), the patentee must either notify the alleged infringer of the infringement or mark any patented articles that are made, offered for sale, or sold in the United States with the patent number. 35 U.S.C. § 287(a). "Thus, the statute defines that '[a patentee] is entitled to damages from the time when it either began marking its product in compliance with section 287(a)[, constructive notice,] or when it actually notified [the accused infringer] of its infringement, whichever was earlier.'" *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996) (brackets in original) (citation omitted).

"Actual notice [under section 287(a)] requires the affirmative communication of a specific charge of infringement by a specific accused product or device." *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994).

To mark patented articles in compliance with Section 287, the marking "must be substantially consistent and continuous in order for the party to avail itself of the constructive notice provisions of the statute." *Maxwell*, 86 F.3d at 1111 (citation omitted). The duty to mark extends to licensees. *Amsted*, 24 F.3d at 185. "When the failure to mark is caused by someone other than the patentee, the court may consider whether the patentee made reasonable efforts to ensure compliance with the marking requirements." *Maxwell*, 86 F.3d at 1111-12.

"The patentee bears the burden of proving compliance" with the marking statute. *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1446 (Fed. Cir. 1998); *see also Dunlap v. Schofield*, 152 U.S. 244, 248 (1894) (patentee bears burden of pleading and proving compliance). When the patentee disputes whether Section 287 applies in a given case, the patentee's burden of proof

"includes the burden of showing that the patentee is not subject to the requirements of § 287(a)." *WiAV Solutions*, 732 F. Supp. 2d at 640, citing *DR Sys., Inc. v. Eastman Kodak Co.*, 2009 WL 2632685, at *4 (S.D. Cal. Aug. 25, 2009).[4] The marking statute applies where, as here, the asserted patent contains only apparatus claims, not method claims. *American Med. Sys. v. Medical Engineering Corp.*, 6 F. 3d 1523, 1538-39 (Fed. Cir. 1993).

## V. ARGUMENT

### A. GBT Identifies No Evidence that It Specifically Charged Apple with Infringing the '793 Patent Prior to Filing this Suit in May 2012.

GBT has disclosed no evidence to support a finding that it affirmatively communicated to Apple a specific charge of infringement of the '793 patent prior to filing this lawsuit in May 2012. *Amsted*, 24 F.3d at 187; *Exigent*, 442 F.3d at 1308. GBT has not identified any documentary evidence or potential witness testimony to the contrary. Its Rule 26 disclosures, for example, do not identify any witness regarding any alleged pre-suit notice of infringement. (*See* Mead Decl. Ex. 11 (GBT's 8/21/2013 Initial Disclosures).)

GBT sent Apple a letter in April 2009, but alleged only that Apple infringed other GBT patents (GBT's so-called "RACH" patents), not the '793 patent. (Mead Ex. 2.) GBT also filed suit against Apple in the District of Delaware in May 2010, but in that case GBT alleged only that Apple infringed two RACH patents, not the '793 patent. *See Golden Bridge Technology, Inc. v. Apple Inc.*, 937 F. Supp. 2d 504 (D. Del. 2013) (granting summary judgment of non-infringement).

### B. GBT Identifies No Evidence that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ with the '793 Patent Number Prior to GBT Filing this Lawsuit.

Since GBT did not provide specific pre-suit notice of infringement, to avoid summary judgment precluding pre-suit damages, GBT must present evidence sufficient to find that GBT

---

[4] A minority of district court decisions have improperly shifted the burden to the accused infringer to prove whether Section 287 applies. *See, e.g., Eastman Kodak*, 2009 WL 2632685, at *3-5 (discussing the "criticized" decision in *Laitram Corp. v. Hewlett-Packard Co., Inc.*, 806 F.Supp. 1294, 1296 (E.D. La. 1992) as "the exception rather than the rule" in view of Supreme Court and Federal Circuit precedent). In either case, summary judgment for Apple is appropriate here.

APPLE'S PARTIAL MSJ RE
NO PRE-SUIT DAMAGES

and its licensees marked their licensed products with the '793 patent number during the period between June 2010 (when Apple introduced its first accused product) and May 8, 2012 (when GBT filed its Complaint). *Exigent*, 442 F.3d at 1308; *WiAV Solutions*, 732 F. Supp. 2d at 640-43.

1. ████████████████████████████████████ HSUPA-Capable Products in the U.S. Prior to May 2012.

████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. (Mead Decl. Ex. 1.) GBT contends that the '793 patent is essential to practice HSUPA. Thus, GBT contends that the HSUPA-capable products ████████████████████ █ necessarily practiced the '793 patent, and has not produced any evidence that those products did not practice the '793 patent. Indeed, ████████████████████████████████ ████████████████████████████████. (D.I. 1.)

GBT's damages expert Mr. Schulze confirmed that ████████████████████ ████████████████████████████████████████████. He testified that he researched ████████████████████:

> Q. Now, in the fourth bullet you talk about ████████ mix in 2007. Do you see that?
>
> A. I do.
>
> Q. Now, did you do any research to determine what products ████████ offered?
>
> A. Yes.
>
> MR. DORMAN: Since then?
>
> BY MR. TETER:
>
> Q. You have?
>
> A. Yes.
>
> Q. And what research did you do?
>
> A. We looked at both ████████, their annual reports, as well as other industry analysis of the mix of their products at various points in time.

(Mead Decl. Ex. 4, Schulze Tr. 73:25-74:14.)

Mr. Schulze concluded, based on his research, that ▆▆▆ selling HSUPA-capable smart phones in the U.S. in 2009, before Apple did:

> Q. Well, wouldn't you agree based on the research you've done that ▆▆▆ selling handsets -- smart phones in the U.S. with HSUPA before Apple was?
>
> A. In 2009, yes.

(Mead Decl. Ex. 4, Schulze Tr. 81:8-12.) ▆▆▆ offering HSUPA-capable products through the next few years into 2012. (Mead Decl. Ex. 4, Schulze Tr. 74:15-77:10, 78:12-79:5, 79:14-16; *see also* Mead Decl. Exs. 5-8 (discussing ▆▆▆ smart phone offerings).)

▆▆▆ product offerings in the U.S. prior to May 2012 ▆▆▆, as Mr. Schulze confirmed:

> Q. Well, the phones that we just walked through that ▆▆▆, correct?
>
> A. That is correct.

(Mead Decl. Ex. 4, Schulze Tr. 84:23-85:1.)

Public evidence indicates that ▆▆▆. (Mead Decl. Exs. 9, 10.)

**2. GBT Identifies No Evidence that ▆▆▆.**

▆▆▆. (Mead Decl. Ex. 11.) ▆▆▆).)

Therefore, partial summary judgment precluding pre-suit damages should be granted. "[T]here is an absence of evidence to support" GBT's burden to prove that it complied with the

marking statute either by providing specific pre-suit notice of infringement or ensuring that its licensees marked their licensed products with the '793 patent number. *Exigent*, 442 F.3d at 1308, quoting *Celotex*, 477 U.S. at 325; *see also WiAV Solutions*, 732 F. Supp. 2d at 640-43.

## VI. CONCLUSION

For the foregoing reasons, the Court should enter partial summary judgment that GBT is not entitled to recover any damages for infringement of the '793 patent accruing prior to May 8, 2012, the date it filed the Complaint in this action.

Dated: January 30, 2014

/s/ Timothy S. Teter
Timothy S. Teter (171451)
teterts@cooley.com
Lowell D. Mead (223989)
lmead@cooley.com
Cooley LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

Eamonn Gardner (admitted pro hac vice)
(egardner@cooley.com)
Cooley LLP
380 Interlocken Crescent, Suite 900
Broomfield, CO 80021-8023
Telephone: (720) 566-4000
Facsimile: (720) 566-4099

*Attorneys for Defendant Apple Inc.*

# **CERTIFICATE OF SERVICE**

The undersigned certifies that counsel of record who are deemed to have consented to electronic service are being served on January 30, 2014, with a copy of this document via the Court's CM/ECF system per Local Rules. Any other counsel will be served by electronic mail, facsimile, overnight delivery and/or first class mail on this date.

By: */s/ Timothy S. Teter*