1  COOLEY LLP
   TIMOTHY S. TETER (171451) (teterts@cooley.com)
2  BENJAMIN G. DAMSTEDT (230311) (bdamstedt@cooley.com)
   LOWELL D. MEAD (223989) (lmead@cooley.com)
3  EAMONN GARDNER (pro hac vice) (egardner@cooley.com)
   Five Palo Alto Square
4  3000 El Camino Real
   Palo Alto, CA  94306-2155
5  Telephone:     (650) 843-5000
   Facsimile:     (650) 849-7400
6
   Attorneys for Defendant
7  Apple Inc.

8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10
                           SAN JOSE DIVISION
11

12
   Golden Bridge Technology Inc.,          Case No.  5:12-cv-04882-PSG
13
                  Plaintiff,               **APPLE'S MOTIONS IN LIMINE
14                                         REGARDING DAMAGES**
         v.
15                                         **Date: May 16, 2014
   Apple Inc.,                             Time: 10:00 a.m.
16                                         Courtroom: 5, 4th Floor
                  Defendant.               Judge: The Hon. Paul S. Grewal**
17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

Page

I. NOTICE OF MOTIONS AND MOTIONS ........................................................................... 1
II. APPLE'S MOTIONS IN LIMINE RELATED TO DAMAGES ISSUES ......................... 1
    A. Motions to Preclude the Prejudicial Use of Irrelevant Financial Information ........ 1
        1. Motion to Exclude Any Argument or Testimony Regarding Apple's Size, Wealth, Market Capitalization, Cash, Overall Revenues, Revenues on Accused Products, or Entire Market Value of Apple's Accused Sales (Fed. R. Evid. 403)................................................................ 1
        2. Motion to Exclude the Monetary Terms of Apple's License Agreements (Fed. R. Evid. 402, 403). ......................................................... 2
        3. Motion to Exclude Any Argument or Testimony Regarding Litigation Settlement Discussions, Including the Confidential Delaware Mediation (Fed. R. Evid. 402, 403, 408). ................................... 3
    B. Motions to Preclude the Introduction of Undisclosed Damages Theories.............. 3
        1. Motion to Exclude Any Fact Witness Testimony Opining on Damages (Fed. R. Civ. P. 26, 37(c), Fed. R. Evid. 402, 403, 602, 701, 702). ................................................................................................... 3
        2. Motion to Exclude Any Argument or Testimony that the '793 Patent or the Accused Functionality Provides Any "Improvement" Over the Next Best Alternative (Fed. R. Civ. P. 26, 37(c)(1); Fed. R. Evid. 403, 701, 702). ................................................................................. 4
        3. Motion to Exclude Any Argument or Testimony that a Design Around Would Not Have "Been Available" (Fed. R. Civ. P. 26, 37(c)(1); Fed. R. Evid. 402, 403, 701)......................................................... 5
    C. Motions Relating to Mr. Schulze's Report and Apple's *Daubert* Motion............... 6
        1. Motion to Exclude Any Argument or Testimony Regarding Mr. Schulze's Damages Opinions (Fed. R. Civ. P. 37(c)(1); Fed. R. Evid. 403, 701, 702)................................................................................... 6
        2. Motion to Exclude Any Argument or Testimony Regarding the Third Party Papers Identified By Mr. Schulze in His Expert Report (Fed. R. Evid. 402, 403, 702, 703, 801, 802).............................................. 6
    D. Motions Relating to Apple's Marking Motion ....................................................... 7
        1. Motion to Exclude Any Argument or Testimony Regarding Pre-Suit Damages Due to Failure to Mark (Fed. R. Evid. 403, 701, 702)......... 7
        2. Motion to Exclude Any Argument or Testimony that GBT or its Licensees Marked any Product (Fed. R. Civ. P. 37(c)(1); Fed. R. Evid. 402, 403, 701, 702). ........................................................................ 8
III. CONCLUSION................................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amdocs (Israel) Ltd. v. Openet Telecom*,
  1-10-cv-00910, Dkt. 247 (E.D. Va. April 3, 2012) .................................................................. 7

*Aristocrat v. Int'l Game Tech.*,
  709 F.3d 1348 (Fed. Cir. 2013) ................................................................................................ 5

*AVM Techs., v. Intel*,
  927 F. Supp. 2d 139 (D. Del. 2013) ......................................................................................... 4

*Burke v. Deere & Co.*,
  6 F.3d 497 (8th Cir. 1993) ........................................................................................................ 1

*Chicago Board Options Exchange v. International Securities Exchange*,
  No. 1-07-CV-00623, Dkt. 708 (N.D. Ill. Mar. 10, 2013) ......................................................... 7

*Cooper Tire and Rubber Co. v. Farese,*
  No. 3:02CV210-SA-JAD, 2008 WL 5382416 (N.D. Miss. Dec. 19, 2008) ............................. 1

*GPNE v. Apple*,
  No. 12-2885-LHK (N.D. Cal. Apr. 16, 2014) .......................................................................... 6

*Hiram Ricker & Sons v. Students Int'l Mediation Society*,
  501 F.2d 550 (1st Cir. 1974) .................................................................................................... 3

*HTC v. Technology Properties Limited*,
  No. 5:08-cv-00882-PSG, 2013 WL 4782598 (N.D. Cal. Sept. 6, 2013) .................................. 1

*Innogenetics, N.V. v. Abbott Labs.*,
  512 F.3d 1363 (Fed. Cir. 2008) ................................................................................................ 5

*Lake Cherokee Hard Drive Technologies v. Bass Computers*,
  No. 2-10-cv-00216, Dkt. 399 (E.D. Tex. Aug. 6, 2013) .......................................................... 8

*Lighting Ballast Control v. Philips Elec. N.A.*,
  No. 7:09-cv-29-O, 2011 WL 7575006 (N.D. Tex. June 10, 2011) .......................................... 2

*Montgomery County v. Microvote Corp.*,
  320 F.3d 440 (3d Cir. 2003) ..................................................................................................... 7

*In re MSTG*,
  675 F.3d 1337 (Fed. Cir. 2012) ................................................................................................ 3

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*NetAirus Technologies v. Apple*,
  No. 2-10-cv-03257, 2013 WL 3089061 (C.D. Cal. Nov. 8, 2013) .......................................... 3

*Network Protection Sciences v. Fortinet*,
  No. C 12-01106 WHA, 2013 WL 5402089 (N.D. Cal. Sept. 26, 2013) (Alsup, J.) ................ 6

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
  711 F.3d 1348 (Fed. Cir. 2013) ............................................................................................ 7

*ResQNet.com v. Lansa*,
  594 F.3d 860 (Fed. Cir. 2010) ......................................................................................... 2, 5

*Robocast v. Apple*,
  No. 1-11-cv-00235, 2014 WL 334183 (D. Del. Jan. 28, 2014) ............................................ 5

*SanDisk v. STMicroelectronics*,
  480 F.3d 1372 (Fed. Cir. 2007) ............................................................................................ 3

*Uniloc USA, Inc. v. Microsoft Corp.*,
  632 F.3d 1292 (Fed. Cir. 2011) ................................................................................... 1, 2, 6

*Vanderlande Indus. Nederland BV v. Int'l Trade Comm'n*,
  366 F.3d 1311 (Fed. Cir. 2004) ............................................................................................ 3

*Veritas v. Microsoft*,
  No. 2:06-cv-00703-JCC, 2008 WL 657936 (W.D. Wash. Jan. 17, 2007) ............................. 3

*Wordtech Sys. v. Integrated Network Solutions*,
  609 F.3d 1308 (Fed. Cir. 2010) ............................................................................................ 2

**Other Authorities**

Fed. R. Civ. P. 26, 37(c) ............................................................................................................ 3

Fed. R. Civ. P. 37(c)(1) ................................................................................................. 4, 5, 6, 8

Fed. R. Evid.
  402 ............................................................................................................................. *passim*
  403 ............................................................................................................................. *passim*
  408 ..................................................................................................................................... 2, 3
  602 ..................................................................................................................................... 3, 4
  701 ............................................................................................................................. *passim*
  702 ............................................................................................................................. *passim*
  703 ................................................................................................................................... 6, 7

801 .................................................................................................................................... 6, 7
802 .................................................................................................................................... 6, 7

**TABLE OF AUTHORITIES**

**(continued)**

**Page(s)**

Rule
    26 ......................................................................................................................................... 4

## I. NOTICE OF MOTIONS AND MOTIONS

NOTICE IS HEREBY GIVEN that Apple will, and hereby does, move the Court on May 16, 2014 at 10:00 a.m., or at such other time as this matter may be heard, for an order in limine excluding the arguments and evidence addressed in the memorandum submitted herewith.

## II. APPLE'S MOTIONS IN LIMINE RELATED TO DAMAGES ISSUES

### A. Motions to Preclude the Prejudicial Use of Irrelevant Financial Information

#### 1. Motion to Exclude Any Argument or Testimony Regarding Apple's Size, Wealth, Market Capitalization, Cash, Overall Revenues, Revenues on Accused Products, or Entire Market Value of Apple's Accused Sales (Fed. R. Evid. 403).

GBT should be precluded from introducing argument or testimony[1] relating to Apple's status as a large and successful company, including its size, wealth, overall revenues (including daily, quarterly, or yearly), and revenues on accused products (including margins or revenues on a per product basis, or total revenues on accused product lines). Such generic financial information has no probative value and would have a powerful prejudicial effect and is inadmissible under Rule 403.[2] As this Court noted in *HTC v. TPL*:

> However things "used to be done," recent Federal Circuit case law does not permit the use of a company's overall size or revenue as a check to confirm the reasonableness of a jury award. The court finds that the probative value of evidence related to HTC's size, wealth, or overall revenues is substantially outweighed by the risk of unfair prejudice, confusion of the issues and misleading the jury necessitating its exclusion under Rule 403.

*HTC v. Technology Properties Limited*, No. 5:08-cv-00882-PSG, 2013 WL 4782598 at *11-12 (N.D. Cal. Sept. 6, 2013) (granting HTC's motion in limine). *See also Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1320 (Fed. Cir. 2011) ("The disclosure that a company has

---

[1] For each of Apple's motions in limine it seeks the exclusion of all argument and evidence related to the topic, including testimony, documentary evidence, physical evidence, and any other form of evidence.

[2] As a general matter, evidence of a defendant's net worth and wealth is "totally irrelevant to the issue of compensatory damages." *Burke v. Deere & Co.,* 6 F.3d 497, 513 (8th Cir. 1993). Prejudicial references to a party as a "wealthy, thriving, large company" and references to a company's finances and size have been held irrelevant and excluded at the motion in limine stage. *Cooper Tire and Rubber Co. v. Farese,* No. 3:02CV210-SA-JAD, 2008 WL 5382416, at *3 (N.D. Miss. Dec. 19, 2008).

made $19 billion dollars in revenue from an infringing product cannot help but skew the damages horizon for the jury, regardless of the contribution of the patented component to this revenue."); *Lighting Ballast Control v. Philips Elec. N.A.*, No. 7:09-cv-29-O, 2011 WL 7575006, at *6 (N.D. Tex. June 10, 2011) (granting defendant's motion in limine to preclude evidence of its financial information).

### 2. Motion to Exclude the Monetary Terms of Apple's License Agreements (Fed. R. Evid. 402, 403).

The Court should exclude argument and testimony regarding the monetary terms of non-comparable license agreements entered into by Apple. To have any relevance, prior patent licenses must be technologically and economically comparable to the hypothetical negotiation. *ResQNet.com v. Lansa*, 594 F.3d 860, 868-69 (Fed. Cir. 2010) (reversing damages award due, in part, to introduction of non-comparable agreements—the non-comparable "licenses simply have no place in this case"). Otherwise, the monetary terms from the license agreements "offer the jury little more than a recitation of royalty numbers." *Wordtech Sys. v. Integrated Network Solutions*, 609 F.3d 1308, 1320 (Fed. Cir. 2010) (internal quotation omitted). Here, the experts agree the monetary terms from Apple's license agreements are not comparable.

Because the monetary terms of the agreement have no relevance and their introduction would prejudice Apple, improperly "skew[ing] the damages horizon for the jury," the monetary terms of Apple's license agreements and any testimony related to those monetary values should be excluded. *Uniloc USA v. Microsoft*, 632 F.3d 1292, 1311-21 (Fed. Cir. 2011) ("If the patentee fails to tie the theory to the facts of the case, the testimony must be excluded."); *id.* at 1320 ("The disclosure that a company has made $19 billion dollars in revenue from an infringing product cannot help but skew the damages horizon for the jury, regardless of the contribution of the patented component to this revenue.").[3]

---

[3] Apple's general approach to licensing patents, as described by Ms. Maghame in her deposition would be appropriate.

**3. Motion to Exclude Any Argument or Testimony Regarding Litigation Settlement Discussions, Including the Confidential Delaware Mediation (Fed. R. Evid. 402, 403, 408).**

GBT should be precluded from offering any argument or testimony regarding settlement discussions between GBT and Apple related to pending lawsuits. Rule 408 provides that "[e]vidence of ... (1) furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise the claim; and (2) conduct or a statement made during compromise negotiations about the claim" is "not admissible—on behalf of any party—either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408. The Federal Circuit holds under Rule 408 that settlement negotiations related to a pending litigation are not admissible. *In re MSTG*, 675 F.3d 1337, 1347 n.4 (Fed. Cir. 2012) (collecting cases); *Vanderlande Indus. Nederland BV v. Int'l Trade Comm'n*, 366 F.3d 1311, 1322 (Fed. Cir. 2004). Here, the post-suit discussions between Apple and GBT in this case and the Delaware case are covered by Rule 408 and no argument or testimony regarding them should be offered at trial.[4]

**B.  Motions to Preclude the Introduction of Undisclosed Damages Theories.**

**1.  Motion to Exclude Any Fact Witness Testimony Opining on Damages (Fed. R. Civ. P. 26, 37(c), Fed. R. Evid. 402, 403, 602, 701, 702).**

The Court should preclude GBT's fact witnesses, such as CEO Elmer Yuen or others, from testifying on the appropriate reasonable royalty damages in this case. Such testimony is inadmissible under Rule 701: "A lay witness may not offer an opinion on ultimate patent damages; this includes an opinion about determining a reasonable royalty." *NetAirus Technologies v. Apple*, No. 2-10-cv-03257, 2013 WL 3089061, (C.D. Cal. Nov. 8, 2013)

---

[4] This motion is not intended to preclude the parties' pre-dispute licensing discussions, including GBT's April 2009 letter to Apple. While Rule 408 precludes evidence or argument regarding settlement discussions related to a pending litigation, Rule 408 does not cover licensing offers made prior to any dispute. *SanDisk v. STMicroelectronics*, 480 F.3d 1372, 1375 n.1 (Fed. Cir. 2007) (Rule 408 "expressly relates to evidence of efforts toward compromising or attempting to compromise a claim in litigation and does not prevent [a party] from relying on the licensing discussions" prior to litigation); *Hiram Ricker & Sons v. Students Int'l Mediation Society*, 501 F.2d 550, 553 (1st Cir. 1974) (Rule 408 only applies "after a controversy has actually arisen").

1  (excluding inventor testimony regarding damages); *Veritas v. Microsoft*, No. 2:06-cv-00703-JCC,
2  2008 WL 657936, at *31-34 (W.D. Wash. Jan. 17, 2007) (excluding lay witness testimony on
3  reasonable royalty).

4  In addition, any testimony by GBT's fact witnesses about what "would have" occurred in a June 2010 hypothetical negotiation should be excluded under Fed. R. Evid. 602 as unfounded speculation. *AVM Techs., v. Intel*, 927 F. Supp. 2d 139, 146 (D. Del. 2013) (excluding fact witness testimony about what "'would have' occurred" in a hypothetical negotiation because it "went beyond those easily verifiable facts with their personal knowledge and instead required forward-looking speculation for which she lacked necessary training") (citation omitted).

Finally, any GBT fact witness testimony on damages would be untimely under Rules 26 and 37(c)(1). GBT's Rule 26 disclosures also did not identify any fact witness as having any knowledge regarding damages. (Mead Decl. Ex. A (GBT's 8/21/13 GBT Amended Initial Disclosures); Ex. B (GBT's 4/4/14 Trial Witness List).) GBT also limited its response to Apple's interrogatory seeking "the complete legal and factual basis for any and all damages" to stating, in pertinent part: "Plaintiff will provide the information requested in this interrogatory to which Apple is legally entitled in the expert report(s) it will serve on Apple." (Mead Decl. Ex. C, 8/14/13 Response to Interrogatory No. 16 (emphasis added)).

**2. Motion to Exclude Any Argument or Testimony that the '793 Patent or the Accused Functionality Provides Any "Improvement" Over the Next Best Alternative (Fed. R. Civ. P. 26, 37(c)(1); Fed. R. Evid. 403, 701, 702).**

The Court should preclude GBT's experts from opining that the '793 patent provides any improvement over the next best alternative under *Daubert*, Rule 26, and Rules 403, 701, and 702. GBT did not disclose any admissible opinion (1) identifying any specific available alternative, (2) discussing the availability of the alternative, and (3) evaluating the differences between that alternative and the claimed invention or the accused functionality.

Rather than providing expert opinions based on facts and analysis, GBT's experts proffered only "understandings" and generalities. For example, Mr. Schulze only reported his "understanding" that some unspecified earlier "data protocols" were "inefficient" and "slower,"

as opposed to HSUPA which makes everything "easier and more efficient":

> It is my understanding that prior to the HSUPA protocol, the upload of data from the handset to the base station in a cellular network was inefficient, resulting in reduced data rates and making the transfer of data from the handset to the base station over a cellular network slower than with the use of HSUPA. As a result, it is my understanding that prior to the implementation of the claimed invention into the 3GPP standards through HSUPA, the volume of data that could be transmitted over the uplink in a cellular network was limited. . . . With HSUPA, transmission of data through the uplink in a cellular network became easier and more efficient for the user, allowing the user to transmit multiple photos, videos and conduct video conferencing - all tasks that were difficult or impossible through data transfer protocols implemented prior to HSUPA.

(Dkt 299, Ex. 20, Schulze Rpt. at 22.)

Such vague, unsupported *ipse dixit* by a damages expert is precisely the kind of testimony *Daubert* prohibits:

> Garbage in, garbage out. . . . [The expert's] underlying data was unreliable, and was unreliably applied, and I therefore exclude his testimony and any testimony for which it forms a foundation.

*Robocast v. Apple*, No. 1-11-cv-00235, 2014 WL 334183, at *2 (D. Del. Jan. 28, 2014). *See also Aristocrat v. Int'l Game Tech.*, 709 F.3d 1348, 1360-61 (Fed. Cir. 2013) (affirming district court decision excluding conclusory expert testimony that stated only "how" a limitation is met and failed to explain the basis for "why" it is met).

### 3. Motion to Exclude Any Argument or Testimony that a Design Around Would Not Have "Been Available" (Fed. R. Civ. P. 26, 37(c)(1); Fed. R. Evid. 402, 403, 701).

The Court should also preclude GBT from introducing argument or testimony that no noninfringing alternatives exist, because the '793 patent is essential to HSUPA. Such testimony would contradict the Federal Circuit's reasonable royalty case law, which precludes that type of hold-up. Instead, "[a]t all times, the damages inquiry must concentrate on compensation for the economic harm caused by infringement of the claimed invention," requiring the court to "carefully tie proof of damages to the claimed invention's footprint in the market place." *ResQNet*, 594 F.3d at 869. In addition, GBT did not disclose any such opinion along with the basis and reasons for such opinion. *Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363, 1376 n. 4

(Fed. Cir. 2008); Fed. R. Civ. P. 26, 37(c)(1); Fed. R. Evid. 402, 403, 701.

### C. Motions Relating to Mr. Schulze's Report and Apple's *Daubert* Motion.

#### 1. Motion to Exclude Any Argument or Testimony Regarding Mr. Schulze's Damages Opinions (Fed. R. Civ. P. 37(c)(1); Fed. R. Evid. 403, 701, 702).

The Court should exclude any argument or testimony regarding Mr. Schulze's damages opinions, for the reasons set forth in the briefing and oral argument on Apple's pending *Daubert* motion to exclude the testimony of GBT's damages expert Mr. Karl Schulze. (*See* Dkt. 298-301, 329-330.) For example, the *GPNE* decision addressed a fundamental error underlying Mr. Schultze's damages theory, holding that the smallest salable unit need not be sold by the accused infringer. *GPNE v. Apple*, No. 12-2885-LHK, slip op. at 19-25 (N.D. Cal. Apr. 16, 2014). Instead, in a case involving allegations that the patent-in-suit is essential for practicing a cellular standard—like *GPNE* and this case—"the baseband processor is the smallest salable unit." *Id.* at 24; *see also id.* at 5-11 (excluding patent owner's damages expert based on failure to provide reliable quantitative proof to support its damages request). In addition to failing *Daubert*, the Court should also exclude his testimony as confusing, misleading to the jury, and unduly prejudicial to Apple. Fed. R. Evid. 403.

As requested in the *Daubert* motion, the Court should also prohibit GBT from introducing any untimely new expert testimony on the issue of damages, long after the close of expert discovery. (*See* Dkt. 299 at 23-24; 330 at 11.) *See Network Protection Sciences v. Fortinet*, No. C 12-01106 WHA, 2013 WL 5402089, *8 (N.D. Cal. Sept. 26, 2013) (Alsup, J.) (excluding damages opinion without leave to supplement); Fed. R. Civ. P. 37(c)(1) (prohibiting reliance on information that was not timely disclosed).

#### 2. Motion to Exclude Any Argument or Testimony Regarding the Third Party Papers Identified By Mr. Schulze in His Expert Report (Fed. R. Evid. 402, 403, 702, 703, 801, 802).

In his damages report, Mr. Schulze improperly relies on certain third-party papers in order to manufacture a "cumulative rate" as a benchmark for his damages analysis.

First, as Apple's *Daubert* briefing explained, Mr. Schulze relied on these third-party papers despite making no effort to tie the rates mentioned in those papers to the relevant facts and

circumstances of this case. (Dkt. 299 at 11-13, 19-20; Dkt. 330 at 9.) *Uniloc v. Microsoft*, 632 F.3d 1292, 1315, 1318 (Fed. Cir. 2011) (requiring all damages evidence to be "tied to the relevant facts and circumstances of the case at issue"). Mr. Schulze's, and GBT's, failure to link any of the rates in the third-party papers to the facts of the hypothetical negotiation in this case renders any argument or testimony based on these third-party papers "arbitrary, unreliable, and irrelevant" and insufficient to "pass muster under *Daubert*." *Uniloc*, 632 F.3d at 1318.

Second, Mr. Schulze's reliance on these third-party papers should be excluded because Mr. Schulze performed no analysis to confirm the source and reliability of the data in these papers. (Dkt. 299 at 19-20.) Rather than perform any analysis to confirm the reliability of the data in these third-party documents, Mr. Schulze relied on documents he had not even read and then *assumed* that the third-party documents used "other sources that are presumably reasonably credible" but did not look them up. (*Id*. at 20.) This is improper. *Montgomery County v. Microvote Corp.*, 320 F.3d 440, 448 (3d Cir. 2003) (finding expert's data source unreliable where "some of the things that were shown to [the expert] he didn't seem to know where they were from or what the source of them were"). Accordingly, these third-party documents cannot be used to support a reliable damages analysis. Fed. R. Evid. 703; *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 711 F.3d 1348, 1372-74 (Fed. Cir. 2013) (district court abused its discretion by allowing expert damages testimony was based on data from an unreliable and unverified source).

In short, the hearsay third-party documents Mr. Schulze relies on for his "cumulative royalty" rate theory are irrelevant, unreliable, unsupported, hearsay, and have no connection to the facts of this case. Fed. R. Evid. 402, 403, 702, 703, 801, 802.

### D. Motions Relating to Apple's Marking Motion

#### 1. Motion to Exclude Any Argument or Testimony Regarding Pre-Suit Damages Due to Failure to Mark (Fed. R. Evid. 403, 701, 702).

Apple moves to exclude any argument or testimony regarding pre-suit damages, for the reasons set forth in the briefing and oral argument on Apple's pending motion for partial summary judgment of no pre-suit damages. (Dkt. 307 and 349.) Accordingly, any claim of pre-

1  suit damages should be precluded. *See, e.g., Amdocs (Israel) Ltd. v. Openet Telecom*, 1-10-cv-
2  00910, Dkt. 247 (E.D. Va. April 3, 2012) (granting motion in limine regarding pre-suit damages
3  where "the software products at issue were not marked with the relevant patents but were capable
4  of being marked").

5        The Court should further prohibit GBT from introducing any untimely theory or evidence
6  of pre-suit damages, long after the close of discovery. *Chicago Board Options Exchange v.
7  International Securities Exchange*, No. 1-07-CV-00623, Dkt. 708 (N.D. Ill. Mar. 10, 2013)
8  (excluding evidence of pre-suit damages due to plaintiff's failure to disclose theory that it did not
9  sell or license devices that were required to be marked); *Lake Cherokee Hard Drive Technologies
10 v. Bass Computers*, No. 2-10-cv-00216, Dkt. 399 (E.D. Tex. Aug. 6, 2013) (precluding plaintiff
11 from presenting pre-suit damages theory not disclosed during discovery).

12       **2. Motion to Exclude Any Argument or Testimony that GBT or its Licensees Marked any Product (Fed. R. Civ. P. 37(c)(1); Fed. R. Evid. 402, 403, 701, 702).**
13

14       During discovery, GBT produced no evidence that GBT or any of its licensees, including
15 Nokia and Samsung, marked any licensed product. (*See* Dkt. 307-308 at 8-9; 351 at 12.) GBT
16 did not allege in any interrogatory response or in response to Apple's 30(b)(6) deposition notice
17 that it required its licensees, including Nokia and Samsung, to mark any licensed product, or that
18 its licensees did in fact mark. (*Id.*) The Court should preclude GBT from offering any argument
19 or testimony that GBT or its licensees marked any licensed products, with any patent number.
20 Fed. R. Civ. P. 37(c)(1). In addition, any argument or testimony about marking with patent
21 numbers other than the '793 patent would also be irrelevant, confusing, misleading, and
22 prejudicial. Fed. R. Evid. 402, 403.

23 **III. CONCLUSION**

24       For the foregoing reasons, the Court should grant Apple's motions *in limine*.

25
26
27
28

| | | |
|---|---|---|
| 1 | Dated: May 2, 2014 | */s/ Timothy S. Teter* |
| | | Timothy S. Teter (171451) |
| 2 | | teterts@cooley.com |
| | | Benjamin G. Damstedt (230311) |
| 3 | | bdamstedt@cooley.com |
| | | Lowell D. Mead (223989) |
| 4 | | lmead@cooley.com |
| | | Eamonn Gardner (pro hac vice) |
| 5 | | egardner@cooley.com |
| | | Cooley LLP |
| 6 | | Five Palo Alto Square |
| | | 3000 El Camino Real |
| 7 | | Palo Alto, CA  94306-2155 |
| | | Telephone:    (650) 843-5000 |
| 8 | | Facsimile:     (650) 849-7400 |
| 9 | | *Attorneys for Defendant Apple Inc.* |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

9.   **APPLE'S MOTIONS IN LIMINE RE DAMAGES**

## CERTIFICATE OF SERVICE

The undersigned certifies that counsel of record who are deemed to have consented to electronic service are being served on May 2, 2014, with a copy of this document via the Court's CM/ECF system per Local Rules. Any other counsel will be served by electronic mail, facsimile, overnight delivery and/or first class mail on this date.

By: */s/ Timothy S. Teter*