COOLEY LLP
TIMOTHY S. TETER (171451) (teterts@cooley.com)
BENJAMIN G. DAMSTEDT (230311) (bdamstedt@cooley.com)
LOWELL D. MEAD (223989) (lmead@cooley.com)
EAMONN GARDNER (pro hac vice) (egardner@cooley.com)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA  94306-2155
Telephone:  (650) 843-5000
Facsimile:   (650) 849-7400

Attorneys for Defendant
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Golden Bridge Technology Inc., <br><br> Plaintiff, <br><br> v. <br><br> Apple Inc., <br><br> Defendant. | Case No. 5:12-cv-04882-PSG <br><br> **APPLE'S GENERAL MOTIONS IN LIMINE** <br><br> **Date: May 16, 2014** <br> **Time: 10:00 a.m.** <br> **Courtroom: 5, 4th Floor** <br> **Judge: The Hon. Paul S. Grewal** |

REDACTED/PUBLIC VERSION OF DOCUMENT SOUGHT TO BE SEALED

**Table of Contents**

|     |     | Page |
| --- | --- | --- |
| I.  | NOTICE OF MOTIONS AND MOTIONS | 1 |
| II. | GENERAL MOTIONS IN LIMINE | 1 |
|     | 1. Motion to Exclude Testimony of GBT Board Member Bernard Marren (Fed. R. Evid. 401, 402, 403, 404, 701, 702, 801, 802). | 1 |
|     | 2. Motion to Exclude Any Argument or Testimony Regarding OPTi and OPTi Litigations (Fed. R. Evid. 402, 403). | 3 |
|     | 3. Motion to Exclude Undisclosed Expert/Opinion Testimony of the Inventors, Dr. Schilling and Dr. Garodnick (Fed. R. Civ. P. 37(c)(1), Fed. R. Evid. 701, 702). | 3 |
|     | 4. Motion to Exclude Any Testimony from Witnesses Removed from GBT's Witness List, Including Dr. Newman (Fed.R.Civ.P. 26(a)(3), 37(c)). | 4 |
|     | 5. Motion to Exclude Any Argument or Testimony Regarding ■ ■ (Fed. R. Evid. 403, 701, 702, 801, 802). | 4 |
|     | 6. Motion to Exclude Any Argument or Testimony Regarding ■ ■ (Fed. R. Civ. P. 26, 37; Fed.R.Evid. 403, 701, 702, 801, 802). | 5 |
|     | 7. Motion to Exclude Any Argument or Testimony that GBT's License Agreements Are "Admissions" (Fed. R. Evid. 402, 403). | 6 |
|     | 8. Motion to Exclude Any Argument or Testimony that Apple Allegedly Infringes Any Third Party Patents, Including the Linex Patents (Fed.R.Evid. 402, 403). | 6 |
|     | 9. Motion to Exclude Any Argument or Testimony Regarding Apple's Litigations with Third Parties (Fed. R. Evid. 402, 403). | 6 |
|     | 10. Motion to Exclude any Expert or Opinion Testimony Not Provided in GBT's Expert Reports (Fed. R. Civ. P. 26(a)(2)(B), 37(c)(1); Fed. R. Evid. 702, 703.) | 7 |
|     | 11. Motion to Exclude any Argument or Testimony the Experts' Work and Compensation in Other Matters (Fed.R.Evid. 402, 403). | 7 |
|     | 12. Motion to Exclude any Argument or Testimony About Counsel's Work and Compensation in Other Matters (Fed. R. Evid. 402, 403). | 7 |
|     | 13. Motion to Exclude any Argument or Evidence About Mock Juries, Focus Groups, and the Like (Fed. R. Evid. 402, 403). | 7 |
| III.| CONCLUSION | 8 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Mformation Technologies v. Research in Motion*,
  No. 3-08-cv-04990-JW, Dkt. 903 (N.D. Cal. June 7, 2012) ...................................................... 5

*Michelson v. United States*,
  335 U.S. 469 (1948) .................................................................................................................. 2

*Rambus v. Micron*,
  No. 5-06-cv-00244, 254 F.R.D. 597 (N.D. Cal. Dec. 29, 2008) (Whyte, J.) ............................ 6

*Spellbound Development Group Inc. v. Pacific Handy Cutter Inc.*,
  8-09-cv-00951, 2012 WL 8748801 (C.D. Cal. Feb. 24, 2012) ................................................. 4

**Other Authorities**

Fed. R. Civ. P. 26 ............................................................................................................... *passim*

Fed. R. Civ. P. 37 .................................................................................................................. 4, 5, 7, 8

Fed. R. Evid. 401 ........................................................................................................................ 1

Fed. R. Evid. 402 ............................................................................................................... *passim*

Fed. R. Evid. 403 ............................................................................................................... *passim*

Fed. R. Evid. 404 .................................................................................................................... 1, 2

Fed. R. Evid. 701 ............................................................................................................. 1, 4, 5, 6

Fed. R. Evid. 702 ............................................................................................................... *passim*

Fed. R. Evid. 703 .................................................................................................................... 7, 8

Fed. R. Evid. 801 ............................................................................................................. 1, 3, 5, 6

Fed. R. Evid. 802 ............................................................................................................. 1, 3, 5, 6

Fed. R. Evid. 404, COMMITTEE NOTES ON RULES—2006 Amendment ......................................... 2

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 5:12-cv-04882-PSG                    ii.                    APPLE'S GENERAL MOTIONS IN LIMINE

## I. NOTICE OF MOTIONS AND MOTIONS

NOTICE IS HEREBY GIVEN that Apple will, and hereby does, move the Court on May 16, 2014 at 10:00 a.m., or at such other time as this matter may be heard, for an order in limine excluding the arguments and evidence addressed in the memorandum submitted herewith.

## II. GENERAL MOTIONS IN LIMINE

### 1. Motion to Exclude Testimony of GBT Board Member Bernard Marren (Fed. R. Evid. 401, 402, 403, 404, 701, 702, 801, 802).

Apple moves to exclude the testimony of GBT investor and Board Member, Bernard Marren, pursuant to Fed. R. Evid. 401, 402, 403, 701, and 702. GBT intends to call Mr. Marren to provide alleged "background" on the company and to praise the company and the inventors.

Apple believes that GBT will have Mr. Marren volunteer lavish opinions of praise about GBT and the inventors, designed solely to prejudice Apple and promote GBT. The praise has nothing whatsoever to do with the '793 patent, and is not relevant to any issue in the case. At his deposition, Mr. Marren volunteered that "Schilling is one of the fathers of spread spectrum, which is the basis of the present phone systems. He goes way back. Brilliant doctor, brilliant professor." (Mead Decl. Ex. A (Marren Tr. 78:21-79:13).) Marren proclaimed that Schilling "was one of the early pioneers in the company, and he certainly had students who later became professors themselves who he had brought to the company. They had some absolutely super intelligent people." (*Id*.) Marren further volunteered: "Extremely bright individuals they hired who were very creative. I was surprised of their high standing with the standards committee." (Marren Tr. 103:22-104:18.) Mr. Marren claimed that "people from most of the big carriers relied on them for ideas and how to implement new technology." (Marren Tr. 103:22-104:18.) Marren further opined that GBT's "real genius was in invention. They were very inventive individuals." (Marren Tr. 103:22-104:18.) Mr. Marren's praise of GBT is an inadmissible opinion under Fed. R. Evid. 701 and 702. The prejudicial effect of his opinions far outweighs the probative value (virtually none) rendering his opinions inadmissible under Fed. R. Evid. 402 and 403.

Mr. Marren's opinions that the GBT inventors are "brilliant", "genius", "super intelligent"

1  is also inadmissible character evidence under Fed. R. Evid. 404 – even if Dr. Schilling and Dr. Garodnick were brilliant in their other activities, such brilliance cannot be offered to prove that the '793 patent is the result of "brilliance," "genius," novel, nonobvious, or valuable. Fed. R. Evid. 404 ("Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait."); Fed. R. Evid. 404, COMMITTEE NOTES ON RULES—2006 Amendment ("The Rule has been amended to clarify that *in a civil case evidence of a person's character is never admissible* to prove that the person acted in conformity with the character trait.") (emphasis added). The Courts have long recognized that character evidence carries serious risks of prejudice, confusion, and delay. *See Michelson v. United States*, 335 U.S. 469, 476 (1948) ("The overriding policy of excluding such evidence, despite its admitted probative value, is the practical experience that its disallowance tends to prevent confusion of issues, unfair surprise and undue prejudice.").

The general intellect of the inventors or GBT is not at issue. This case is about the '793 patent and its claims, not about the capabilities of the inventors or GBT in other contexts.

In addition to excluding Mr. Marren's praise and character evidence, the Court should exclude Mr. Marren's testimony altogether. Although Mr. Marren was eager to lavish praise on GBT and the inventors, he knows virtually nothing about the issues in this case. GBT claims Mr. Marren has general background familiarity with GBT, but GBT has not identified any material factual issue on which Mr. Marren has any firsthand knowledge. GBT founder and CEO Mr. Yuen can provide any background as needed.

For example, Mr. Marren testified that he was not an expert in the technology at issue or damages related issues. (Marren Tr. 10:14-18: ("So I just want to understand, do you view yourself as an expert either in the technology or in what would be called damages-related issues that are relevant in this lawsuit?  A   No, sir.").) Mr. Marren testified that he had no firsthand knowledge about the Apple products accused of infringement. (Marren Tr. 11:10-14.) Mr. Marren testified that he did not know what HSUPA is. (Marren Tr. 11:15-24.) Mr. Marren had no knowledge or experience relating to the standardization of HSUPA. (Marren Tr. 12:17-20.) Mr. Marren did not negotiate any GBT patent licenses. (Marren Tr. 13:4-14:4.) Mr. Marren did

not have any involvement in the 2009 meeting between Apple and GBT. (Marren Tr. 16:16-17:3) Mr. Marren testified that he did not have any involvement in creating GBT's licensing program; Mr. Yuen and the attorneys created it. (Marren Tr. 18:4-25.) Mr. Marren had never heard of "FRAND." (Marren Tr. 19:1-11.) Mr. Marren noted that "I'm certainly not an expert on the concept." (Marren Tr. 19:25-13: "But the idea that people would be treated equally, that's the concept that I understand. But as far as -- we never had a discussion -- and you called it FRAND? I've never heard that discussion before.") Mr. Marren was unable to answer questions about GBT's licensing policy. (Marren Tr. 20:23-11.) Marren summarized: "*You already know a hell of a lot more than I do.*" (Marren Tr. 85:21-86:1 (emphasis added).) As GBT's counsel observed: "*It's going to be a long deposition if you ask him everything he's not an expert on.*" (Marren Tr. 103:5-13.)

Thus, Mr. Marren has no admissible firsthand knowledge to offer the jury—his presence would be merely designed to elicit sympathy and put a friendly "face" on GBT from a Silicon Valley veteran (as discussed further in the following motion regarding OPTi). The Court should exclude Mr. Marren's testimony under Fed. R. Evid. 402 and 403, and because testimony would necessarily be based on hearsay, under Fed. R. Evid. 801 and 802 as well.

**2.    Motion to Exclude Any Argument or Testimony Regarding OPTi and OPTi Litigations (Fed. R. Evid. 402, 403).**

The Court should exclude any reference to non-party OPTi, Inc. OPTi is a former PC chipset maker and current non-practicing entity. OPTi previously filed lawsuits against Apple and others. OPTi and its lawsuits have nothing to do with the present case. However, GBT's Rule 26 initial disclosures listed OPTi as an area of knowledge for Mr. Marren. Any reference to OPTi or its other lawsuits should be excluded as irrelevant, confusing, and prejudicial. Fed. R. Evid. 402, 403.

**3.    Motion to Exclude Undisclosed Expert/Opinion Testimony of the Inventors, Dr. Schilling and Dr. Garodnick (Fed. R. Civ. P. 37(c)(1), Fed. R. Evid. 701, 702).**

Apple moves to exclude any expert or opinion testimony from the inventors, Dr. Schilling and Dr. Garodnick. GBT did not identify either Dr. Schilling or Dr. Garodnick as expert

1  witnesses, did not serve any expert reports by them, and did not identify either as fact witnesses
2  that would give a relevant opinion. Neither Dr. Schilling nor Dr. Garodnick should be permitted
3  to offer any expert or opinion testimony. *See* Fed. R. Civ. P. 37(c)(1), Fed. R. Evid. 701, 702;
4  *Spellbound Development Group Inc. v. Pacific Handy Cutter Inc.*, 8-09-cv-00951, 2012 WL
5  8748801, at *4 (C.D. Cal. Feb. 24, 2012) (granting defendant's motion in limine to preclude
6  plaintiff's CEO/inventor of a patent-in-suit from testifying regarding technical aspects of the
7  patents-in-suit: "[T]his testimony is expert opinion and Plaintiff did not identify [plaintiff's CEO]
8  as an expert witness. Plaintiff's argument that [he] is capable of answering these questions, as
9  demonstrated by his deposition testimony, is irrelevant because [his] ability is not the issue — the
10 issue is Plaintiff's failure to disclose [him] as an expert witness.").

### 4. Motion to Exclude Any Testimony from Witnesses Removed from GBT's Witness List, Including Dr. Newman (Fed.R.Civ.P. 26(a)(3), 37(c)).

13 Rule 37(c)(1) prohibits reliance on testimony from witnesses that have been not been
14 timely disclosed, unless the failure was substantially justified or is harmless. Fed. R. Civ. P.
15 37(c)(1). During the fact discovery period when the parties were considering which depositions
16 would need to be taken, GBT specifically withdrew numerous witnesses from its list of potential
17 trial witnesses, and Apple accordingly did not depose them. (*See* Dkt. 306-8, Email from R.
18 Dorman (9/19/2013).)) GBT's April 4, 2014 disclosure of trial witnesses under Rule 26(a)(3)
19 does not include any of the individuals GBT withdrew. The Court should preclude GBT from
20 calling any witness that is not listed in GBT's Rule 26(a)(3) disclosure.

### 5. Motion to Exclude Any Argument or Testimony Regarding ■■■ (Fed. R. Evid. 403, 701, 702, 801, 802).

23 GBT seeks to introduce evidence of ■■■
24 ■■■
25 ■■■ are inadmissible under Fed. R. Evid. 402, 403, 701, 702,
26 801, and 802. First, the reports are inadmissible hearsay. Second, the reports have no probative
27 value and a significant prejudicial effect. ■■■
28 ■■■.

1   Third, they are unsupported and unqualified opinions. In particular, none of ▮

2   inflated valuations or reports performed any analysis of the '793 patent or endeavored to

3   determine a royalty for it. Judge Ware's decision in *Mformation* is squarely on point:

> [T]he third-party valuations at issue are not relevant and thus are inadmissible. In particular, none of the reports at issue attempted to assess the value of the [patent-in-suit] at the time infringement began, and none assumed that the Patent was both valid and infringed. Thus, admission of these reports is likely to confuse the jury by introducing a basis for evaluating damages that differs entirely from that the jury is being asked to apply. The Court does not, however, find any reason to limit the testimony of [defendants' damages expert] due to the fact that she relied in part on these reports.

*Mformation Technologies v. Research in Motion*, No. 3-08-cv-04990-JW, Dkt. 903 at 7-8 (N.D. Cal. June 7, 2012).

### 6. Motion to Exclude Any Argument or Testimony Regarding ▮ ▮ (Fed. R. Civ. P. 26, 37; Fed.R.Evid. 403, 701, 702, 801, 802).

GBT seeks to introduce evidence of ▮ ▮. GBT will not present any witness ▮ at trial. ▮ ▮ ▮, which is a technical issue necessarily requiring analysis and opinion. However, GBT's Rule 26 disclosures did not identify ▮ as expert witnesses (nor as fact witnesses with any relevant knowledge) and GBT did not serve any expert report ▮ Fed. R. Civ. P. 26(a), (e), 37(c)(1).

Any opinion ▮ should be excluded as (1) unqualified opinion testimony for which no proper foundation and disclosure has been provided, (2) inadmissible hearsay, (3) confusing and misleading, because ▮ is a non-party and non-witness that could be viewed as an authority, but was a paid consulting agent for GBT, and (4) highly prejudicial and not probative. Fed. R. Evid. 403, 701, 702, 801, 802.[1]

---

[1] The GTT Group and GBT did not provide any discovery into the basis for the GTT Group's alleged opinion that the '793 patent is essential.

### 7. Motion to Exclude Any Argument or Testimony that GBT's License Agreements Are "Admissions" (Fed. R. Evid. 402, 403).

GBT licensed its patents to various entities, most of them as nuisance settlements of GBT's Delaware litigations for amounts far less than the cost of litigation. GBT has never licensed the '793 patent by itself. There is no record evidence that any licensee has attributed any value to the '793 patent, and no record evidence of any other nexus to the '793 patent and particularly asserted claims 5-7. Any testimony or argument that GBT's license agreements suggest the validity, infringement, or other value of the '793 patent would be confusing, irrelevant, and highly prejudicial. *Rambus v. Micron*, No. 5-06-cv-00244, 254 F.R.D. 597, 606 (N.D. Cal. Dec. 29, 2008) (Whyte, J.) (precluding expert from opining that prior patent licenses "reflect acceptance by others of the non-obviousness of an invention" because it did not "consider: (1) the terms of the licenses, (2) what other patents were licensed, (3) whether the licensees manufacture any products or conduct any activities that would infringe the patents, or (4) how the cost of the license relates to the risk of litigation.").

### 8. Motion to Exclude Any Argument or Testimony that Apple Allegedly Infringes Any Third Party Patents, Including the Linex Patents (Fed.R.Evid. 402, 403).

Linex, the company founded by Dr. Schilling and Dr. Garodnick, has sued Apple for alleged patent infringement in an unrelated case. Allegations of infringement by Linex, or by any other third-parties, are not relevant to this case, and the prejudicial effect of them would vastly outweigh any probative value. *See* Fed. R. Evid. 402, 403.

### 9. Motion to Exclude Any Argument or Testimony Regarding Apple's Litigations with Third Parties (Fed. R. Evid. 402, 403).

Apple's litigations with third parties, including Samsung, Motorola, Nokia, and others, are not relevant to this case, and the potential confusion and prejudicial effect from those litigations vastly outweighs any probative value. *See* Fed. R. Evid. 402, 403.[2]

---

[2] To be clear, by contrast to Apple's litigations with third parties which have no demonstrated relevance for this case, some of GBT's prior litigation with third parties is highly relevant to certain issues in this case. For example, as discussed in Apple's Trial Brief, GBT filed an antitrust lawsuit where it alleged that adding HSUPA into the standard rendered GBT's technology "virtually valueless." In connection with that lawsuit, GBT retained '793 patent named inventor Dr. Schilling to look for any GBT patents relating to HSUPA, and he could not

**10. Motion to Exclude any Expert or Opinion Testimony Not Provided in GBT's Expert Reports (Fed. R. Civ. P. 26(a)(2)(B), 37(c)(1); Fed. R. Evid. 702, 703.)**

The Court's Docket Control Order set dates for GBT to provide all of its anticipated expert testimony. Apple served detailed Invalidity Contentions in December 2012. After the Court's June 27, 2013 claim construction order (Dkt. 282), and before the date for GBT to serve infringement reports in late November 2013, Apple in August 2013 provided thorough, detailed noninfringement positions in its interrogatory responses. (Dkt. 296-6.) GBT chose to address some of Apple's noninfringement and invalidity defenses in GBT's expert reports, and chose to ignore others. GBT made no effort to supplement its expert disclosures at any time during expert discovery. Consequently, any opinion or testimony not timely provided in GBT's expert reports should be excluded. Fed. R. Civ. P. 26(a), (e), 37(c)(1), Fed. R. Evid. 702, 703.

**11. Motion to Exclude any Argument or Testimony the Experts' Work and Compensation in Other Matters (Fed.R.Evid. 402, 403).**

Any argument or evidence about the experts' work and compensation in other matters would be irrelevant and confusing, and any probative value would be greatly outweighed by potential prejudice. *See* Fed. R. Evid. 402, 403.

**12. Motion to Exclude any Argument or Testimony About Counsel's Work and Compensation in Other Matters (Fed. R. Evid. 402, 403).**

Any argument or evidence about the parties' counsel's work or compensation in other matters would be irrelevant and confusing, and any probative value would be greatly outweighed by potential prejudice. *See* Fed. R. Evid. 402, 403.

**13. Motion to Exclude any Argument or Evidence About Mock Juries, Focus Groups, and the Like (Fed. R. Evid. 402, 403).**

Any argument or evidence about any mock juries, focus groups, or other work product communications that the parties may have conducted to evaluate this case would be irrelevant and

---

find any. This background is highly relevant to damages, infringement, and Apple's equitable defenses. In addition, certain background regarding GBT's prior patent litigations may be relevant and probative to certain factual issues relating to damages. For example, GBT offered Apple a full-portfolio license in April 2009 that included patents asserted in those other lawsuits as well as the '793 patent.

confusing, and any probative value would be greatly outweighed by potential prejudice. *See* Fed. R. Evid. 402, 403.

### III. CONCLUSION

For the foregoing reasons, the Court should grant Apple's motions *in limine*.

Dated: May 2, 2014

/s/ *Timothy S. Teter*
Timothy S. Teter (171451)
teterts@cooley.com
Benjamin G. Damstedt (230311)
bdamstedt@cooley.com
Lowell D. Mead (223989)
lmead@cooley.com
Eamonn Gardner (pro hac vice)
egardner@cooley.com
Cooley LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone:    (650) 843-5000
Facsimile:    (650) 849-7400

*Attorneys for Defendant Apple Inc.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that counsel of record who are deemed to have consented to electronic service are being served on May 2, 2014, with a copy of this document via the Court's CM/ECF system per Local Rules. Any other counsel will be served by electronic mail, facsimile, overnight delivery and/or first class mail on this date.

By:  */s/ Timothy S. Teter*

106652530 v6