1
2
3
4
5
6
7
8
9
10

**United States District Court**
For the Northern District of California

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| GOLDEN BRIDGE TECHNOLOGY, | ) | Case No. 5:12-cv-04882-PSG |
| Plaintiff, | ) ) | **ORDER RE: APPLE'S SECOND** |
| v. | ) | **MOTION TO EXCLUDE KARL** |
| | ) | **SCHULZE AND MOTIONS-IN-** |
| APPLE INC., | ) | **LIMINE** |
| | ) | |
| Defendant. | ) | **(Re: Docket No. 418, 486)** |
| | ) | |

Two weeks ago, this court issued an order excluding the opinions and testimony of Plaintiff

Golden Bridge Technology's damages expert, Karl Schulze.[1]  The court gave GBT one week to

submit a new report based on a new theory.  GBT met its deadline, with Schulze abandoning his

earlier theory that the parties would have agreed to an uncapped percentage of the sales price of

each and every iPhone 4, 4S and 5 and second-generation iPad. Schulze now advocates a per-unit

royalty of $0.0869, based in large part on his analysis of portfolio licenses Apple signed with

Ericsson and Nokia.[2]  Apple Inc. now moves to dismiss this second report as well.

---

[1] *See* Docket No. 471.  The court found fault with Schulze's methodology in evaluating what the royalty base and rate Apple would have paid to practice GBT's United States Patent No. 6,075,793. The '793 patent has been deemed by GBT as essential to the "3GPP" or "WCDMA" standard; GBT has committed to license such patents on a fair, reasonable and nondiscriminatory ("FRAND") terms.

[2] *See* Docket No. 487 at 3.

Case No. 5:12-cv-04882-PSG
ORDER RE: APPLE'S SECOND MOTION TO EXCLUDE KARL SCHULZE AND MOTIONS-IN-LIMINE

Schulze's new report reflects a genuine effort to improve upon the problems identified with the original version.  Schulze has abandoned his "entire market value" theory and looked to Apple's real-world licenses to substantiate his new, per-unit calculation.  Unfortunately, a new but flawed methodology is no better than an old and flawed methodology.  Apple's motion points out several of the significant flaws in Schulze's current report: (1) Schulze improperly and *sub silencio* allocated the entire value of Apple's portfolio licenses with Ericsson and Nokia to a tiny subset of a subset of a subset of a subset of the patents and standards in those portfolios; (2) Schulze improperly tripled the per-unit rate that Apple would have paid to GBT based on purely academic articles; (3) Schulze improperly failed to compare the patent-in-suit's technical merits to those of other standards essential patents and (4) Schulze improperly failed to allocate any value to the non-license terms of the Ericsson and Nokia agreements. Because the first of these flaws is fatal to Schulze's testimony, the court will focus its analysis there.

The portfolio license agreements that undergird Schulze's calculations covered "all standards essential patents" owned by those companies.[3]  These patents cover a wide array of technologies beyond the WCDMA standard, including but not limited to Wi-Fi, GSM, and LTE.  Yet in calculating a reasonable royalty, Schulze begins with the premise that the under both agreements, "Apple was granted a license to all Nokia[/Ericsson] patents that are essential to the WCDMA standards."[4]  This statement, while true, does not account in any way at all for the many other SEPs to which Apple was also granted a license.  When pressed in deposition, Schulze admitted that he focused on the '793 patent and attributed no value whatsoever to patents essential to other standards because in his estimation, their value would be "marginal,"[5] though his report

---

[3] *See* Docket No. 485-7 at 15-16.

[4] *See id.* at 21-22.

[5] *See* Docket No. 485-9 at 13-14.

Case No. 5:12-cv-04882-PSG
ORDER RE: APPLE'S SECOND MOTION TO EXCLUDE KARL SCHULZE AND MOTIONS-IN-LIMINE

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

does not acknowledge this omission, let alone attempt to explain it.  At the hearing on this motion, counsel for GBT attempted to explain this omission by explaining that, at the time of the agreements "the [W]CDMA standard is what was being used in connection with the iPhone and iPad units accused here."[6]  This explanation might have been sufficient if Schulze had cited any evidence supporting it in his report, but he did not.

Under established Federal Circuit law, an expert may not rely on broad licenses that cover technologies far beyond the patents-in-suit without accounting for the differences in his calculations.[7]  That is precisely what Schulze did not do here, resulting in a fundamentally unsound calculation. That the entire dollar value of the Apple-Ericsson and Apple-Nokia agreements stemmed entirely from the actually-essential (not just declared essential) WCMDA patents (not those related to other active standards) relating to terminal devices is an implausible assumption to begin with, and Schulze does not even attempt to justify this assumption.  Each of the other errors identified by Apple then compounded this basic error, with the end result that "there is simply too great an analytical gap between the data and the opinion proffered" to allow its admission.[8]

Schulze will not be permitted to testify in the upcoming trial.  With the jury already picked and trial underway, Apple would suffer undue prejudice if GBT were to offer a new damages expert with yet a third theory, to which it would have had no meaningful time to respond.[9] However, GBT is free to offer evidence of its damages from other, fact witnesses.[10]

---

[6] *See* Docket No. 492 at 174:20-22.

[7] *See Trell v. Marlee Elecs.*, 912 F.2d 1443, 1446-47 (Fed. Cir. 1990); *see also Lucent Technologies, Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1330-31 (Fed. Cir. 2009).

[8] *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

[9] *Cf. ePlus, Inc. v. Lawson Software, Inc.*, 700 F.3d 509, 523 (Fed. Cir. 2012)(finding it within the sound discretion of the trial judge to preclude a new damages expert from testifying due to the risk of disrupting the proceedings, causing unacceptable delay and unduly prejudicing the other side ); *see also Network Protection Sciences, LLC v. Fortinet, Inc.,* Case No. 3:12-cv-01106-WHA, Docket No. 334 at 13-14 ("This leaves the follow-on question of whether NPS should be permitted

Case No. 5:12-cv-04882-PSG
ORDER RE: APPLE'S SECOND MOTION TO EXCLUDE KARL SCHULZE AND MOTIONS-IN-LIMINE

Turning to Apple's renewed motions-in-limine regarding damages, the court rules as follows:

| Docket | Document | Seeking To Exclude | Result |
|---|---|---|---|
| 418 | Defendant's Motions-in-Limine Set 3 (Damages) | Any Argument or Testimony Regarding Apple's Size, Wealth, Market Capitalization, Cash, Overall Revenues, Revenues on Accused Products, or Entire Market Value of Apple's Accused Sales | GRANTED |
| | | Monetary Terms of Apple's License Agreements | GRANTED |
| | | Any Argument or Testimony Regarding Litigation Settlement Discussions, Including the Confidential Delaware Mediation | GRANTED |
| | | Exclude Any Fact Witness Testimony Opining on Damages | DENIED |
| | | Any Argument or Testimony that the '793 Patent or the Accused Functionality Provides Any "Improvement" Over the Next Best Alternative | DENIED |
| | | Any Argument or Testimony that a Design Around Would Not Have "Been Available" | DENIED |

an opportunity to have a second bite at the apple. Over the course of many years and more than a dozen patent trials, the undersigned judge has concluded that giving a second bite simply encourages overreaching on the first bite (on both sides). A second bite may be appropriate where the expert report can be salvaged with minimal disruption to an orderly trial, but where the report is not even close, there is a positive need to deny a second bite in order to encourage candor in the place. . . . Possibly, plaintiff can cobble together a royalty case based on other disclosed witnesses and evidence. Possibly not.").

[10] *See Apple Inc. v. Motorola, Inc.*, Case No. 2012-1548, 2014 WL 1646435, at *32-33 (Fed. Cir. Apr. 25, 2014).

Case No. 5:12-cv-04882-PSG
ORDER RE: APPLE'S SECOND MOTION TO EXCLUDE KARL SCHULZE AND MOTIONS-IN-LIMINE

| | | Any Argument or Testimony Regarding Mr. Schulze's Damages Opinions | GRANTED |
|---|---|---|---|
| | | Any Argument or Testimony Regarding the Third Party Papers Identified By Mr. Schulze in His Expert Report | DENIED |
| | | Any Argument or Testimony that GBT or its Licensees Marked any Product | GRANTED as unopposed |

**IT IS SO ORDERED.**

Dated: June 1, 2014

PAUL S. GREWAL
United States Magistrate Judge

Case No. 5:12-cv-04882-PSG
ORDER RE: APPLE'S SECOND MOTION TO EXCLUDE KARL SCHULZE AND MOTIONS-IN-LIMINE