UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GOLDEN BRIDGE TECHNOLOGY, <br><br>  Plaintiff, <br> v. <br><br> APPLE INC., <br><br>  Defendant. | Case No. 5:12-cv-04882-PSG <br><br> **ORDER RE: SEALING AND RECONSIDERATION MOTIONS** <br><br> **(Re: Docket Nos. 530, 538, 556, 557, 558, 559, 560, 561)** |

On May 16, 2014 and June 13, 2014, this court issued orders resolving various sealing motions in this case.[1]  Those orders gave the public access to large swaths of information because the parties did not file supporting declarations to indicate that sealing was required.  At last, it seemed, parties were taking the "strong presumption in favor of access"[2] seriously and allowing the public to review the proceedings for which it was paying.  But upon further reflection, and in light of the court's orders, both Golden Bridge Technology and Apple Inc. have concluded that the documents at issue in fact contain valuable, confidential business information that must be sealed.

If the information at issue belonged exclusively to the parties who failed to file timely declarations, the court would be disinclined to reconsider its initial rulings.  However, as the interests of third parties also are at stake, the court will revisit the newly proposed and supported

---

[1] *See* Docket Nos. 469, 549.

[2] *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

1
Case No. 5:12-cv-04882-PSG
ORDER RE: SEALING AND RECONSIDERATION MOTIONS

redactions. The parties' outstanding motions for leave to file motions for partial reconsideration are GRANTED.

Upon review of the motions for reconsideration themselves, the court finds that the newly proposed redactions are supported by appropriate declarations and, for the most part, narrowly tailored to confidential business information. The stand-out exception is GBT's motion for partial reconsideration filed at Docket No. 538. Even on a cursory review, it is clear that Docket No. 538 seeks to protect such plainly non-proprietary information as "Q. Can you spell the name? A. L-U-B-I-T-Z," and "Yes, that is my concept of fairness too."[3] The motion further seeks to redact any mention of the company "GTT," along with anything the group ever said, hinted, implied, or mimed, whether substantive or not.[4] With such basic banalities in the mix, the redactions proposed are clearly not narrowly tailored to confidential business information; the motion therefore is DENIED. However, because it is also clear that truly confidential information may be sprinkled in amongst the banalities, the court will permit the filing of one further set of narrowly tailored redactions, with the warning that if these final redactions are overbroad, the court will simply deny the motion for good.

Because the other motions for reconsideration each propose more limited redactions which are more narrowly tailored to confidential business information, those motions are GRANTED, as are the administrative motions to seal materials in support of the motions for leave to file motions for partial reconsideration. The motion to seal materials in support of Apple's motion for judgment as a matter of law[5] also is GRANTED, as the redactions proposed are narrowly tailored to confidential business information. Finally, Apple's motion to redact the transcript of the May 30,

---

[3] *See* Docket No. 538 at 4 (seeking to seal whole sections of a deposition transcript because they reflect material found in or that could be interpreted to be derived from" license agreements).

[4] *See id.* at 3, 4, 7, 9, 11, 14.

[5] *See* Docket No. 530.

2
Case No. 5:12-cv-04882-PSG
ORDER RE: SEALING AND RECONSIDERATION MOTIONS

2014 hearing on Apple's renewed motion to strike Mr. Karl Schulze is GRANTED as the redactions proposed are, for the most part, narrowly tailored to confidential business information.

**IT IS SO ORDERED.**

Dated: June 24, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge