1

2

3

4

5

6

7

8

9

10

**United States District Court**
For the Northern District of California

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| GOLDEN BRIDGE TECHNOLOGY, INC., | ) | Case No.: 5:12-cv-04882-PSG |
| | ) | |
| Plaintiff, | ) | **ORDER RE: MOTIONS TO SEAL** |
| v. | ) | |
| | ) | **(Re: Docket Nos. 578, 584, 594, 598)** |
| APPLE INC. et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Golden Bridge Technologies filed an administrative motion to file under seal their

motion for renewed judgment as a matter of law as well as Exhibits 11 and 12.[1]  Golden Bridge did

not provide notice to third parties Intel and Qualcomm as to the contents of the redacted material.[2]

The court ordered Golden Bridge to provide Intel and Qualcomm notice,[3] and Golden Bridge did

---

[1] *See* Docket No. 578.

[2] *See* Docket No. 580, 581, and 583.

[3] *See* Docket No. 583.

1

Case No.: 5:12-cv-04882-PSG
ORDER RE: MOTIONS TO SEAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

so by filing another motion to file under seal a corrected Exhibit 12[4] and a correction of Exhibit 11

such that Exhibit 11 no longer requires sealing.[5]  In ruling on Golden Bridge's motion to file under

seal the motion for renewed judgment as a matter of law at Docket No. 578, the court therefore

strikes the old unredacted Exhibits 11 and 12.[6]  The clerk shall remove those documents.  This

order further corrects its Order re:  Motions to Seal filed in error at Docket No. 598.

"Historically, courts have recognized a 'general right to inspect and copy public records

and documents, including judicial records and documents.'"[7]  Accordingly, when considering a

sealing request, "a 'strong presumption in favor of access' is the starting point."[8]  Parties seeking to

seal judicial records relating to dispositive motions bear the burden of overcoming the presumption

with "compelling reasons" that outweigh the general history of access and the public policies

favoring disclosure.[9]

However, "while protecting the public's interest in access to the courts, we must remain

mindful of the parties' right to access those same courts upon terms which will not unduly harm

their competitive interest."[10]  Records attached to nondispositive motions therefore are not subject

to the strong presumption of access.[11]  Because the documents attached to nondispositive motions

"are often unrelated, or only tangentially related, to the underlying cause of action," parties moving

---

[4] *See* Docket No. 594.

[5] *See* Docket No. 595.

[6] *See* Docket No. 578-6, 578-7, to be removed.

[7] *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)).

[8] *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

[9] *Id.* at 1178-79.

[10] *Apple Inc. v. Samsung Electronics Co., Ltd*., 727 F.3d 1214, 1228-29 (Fed. Cir. 2013).

[11] *See id.* at 1180.

2

Case No.: 5:12-cv-04882-PSG
ORDER RE: MOTIONS TO SEAL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

to seal must meet the lower "good cause" standard of Rule 26(c).[12]  As with dispositive motions,

the standard applicable to nondispositive motions requires a "particularized showing"[13] that

"specific prejudice or harm will result" if the information is disclosed.[14]  "Broad allegations of

harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.[15]  A

protective order sealing the documents during discovery may reflect the court's previous

determination that good cause exists to keep the documents sealed,[16] but a blanket protective order

that allows the parties to designate confidential documents does not provide sufficient judicial

scrutiny to determine whether each particular document should remain sealed.[17]

In addition to making particularized showings of good cause, parties moving to seal

documents must comply with the procedures established by Civ. L.R. 79-5.  Pursuant to

Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document

is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under

the law."  "The request must be narrowly tailored to seek sealing only of sealable material, and

must conform with Civil L.R. 79-5(d)."[18]  "Within 4 days of the filing of the Administrative

---

[12] *Id.* at 1179 (internal quotations and citations omitted).

[13] *Id.*

[14] *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).

[15] *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

[16] *See Kamakana,* 447 F.3d at 1179-80.

[17] *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

[18] Civ. L.R. 79-5(b).  In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unreadacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d).

3

Case No.: 5:12-cv-04882-PSG
ORDER RE: MOTIONS TO SEAL

Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable."[19]

With these standards in mind, the courts rules on the instant motions as follows:

| Motion to Seal | Document to be Sealed | Result | Reason/Explanation |
|---|---|---|---|
| 578 | Docket No. 578-5, Plaintiff's Notice of Motion and Renewed Motion for Renewed Judgment as a Matter of Law or in the Alternative Motion for New Trial | 12:13-27 SEALED.  Remainder UNSEALED. | Only sealed portions supported by a declaration and narrowly tailored to confidential technical materials, source code and business information. |
| 584 | Docket No. 584-4, Apple's Opposition to GBT's Motion for Judgment as a Matter of Law or in the Alternative for New Trial | 9: 19-21; 26-27; 11:7-8; 16:14-15; 18:3-7 SEALED. Remainder UNSEALED. | Only sealed portions supported by a declaration and narrowly tailored to confidential technical materials, source code and business information. |
| 584 | Docket No. 584-5, Exhibit B to the Declaration of Lowell D. Mead in Support of Apple's Opposition to GBT's Rule 50(B) Motion for Judgment as a Matter of Law of Infringement | 740-982; 1125-1142; 1154-58; 1175-1194; 1289-1294; 1386 SEALED.  Remainder UNSEALED. | Only sealed portions supported by a declaration and narrowly tailored to confidential technical materials, source code and business information. |
| 594 | Docket No. 594-4, Exhibit 12 to the Corrected Declaration of Jack Russo, selected pages from the Expert Report of Banimir R. Vojcic, Ph.D. | 46 ¶¶ 98-99 entirely; "The transmitter in the Qualcomm . . . Liu at 31" at 44-45 ¶ 95; from "In the Qualcomm implementation" until the end of the paragraph in the following: 45 ¶ 96; 47 ¶ 100; 47 ¶ 101; 47 ¶ 102; 48 ¶ 103 SEALED. Remainder UNSEALED. | Only sealed portions supported by a declaration and narrowly tailored to confidential technical materials, source code and business information. |

**SO ORDERED.**

Dated: December 19, 2014

PAUL S. GREWAL
United States Magistrate Judge

---

[19] Civ. L.R. 79-5(e)(1).

4

Case No.: 5:12-cv-04882-PSG
ORDER RE: MOTIONS TO SEAL

United States District Court
For the Northern District of California