1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7   GOLDEN BRIDGE TECHNOLOGY, INC.,              Case No. 5:12-cv-04882-PSG

8              Plaintiff,                        **ORDER GRANTING REVIEW OF
                                                 TAXATION OF COSTS**
9       v.
                                                 **(Re:  Docket No. 622)**
10  APPLE INC.,

11             Defendant.

12

13       After every trial, there is cleanup work.  As part of its post-trial housekeeping, Defendant

14  Apple Inc. requests review of the Clerk's taxation of costs against Plaintiff Golden Bridge

15  Technology, Inc.  Apple's motion is GRANTED.

16                                          **I.**

17       After a nine-day trial in June 2014, the jury found that Apple had not infringed GBT's

18  patent and awarded no damages to GBT, but also found that Apple had not proved its invalidity

19  defense. [1]  The court entered judgment in favor of Apple,[2] and Apple sought taxation of costs

20  against GBT.[3]  GBT objected to several of the costs[4] and Apple accordingly waived a portion of

21  them.[5]  But GBT objected again,[6] and the Clerk taxed $30,686.13 in costs as follows:

22

---

[1] *See* Docket No. 548 at 2-3.

23

[2] *See* Docket No. 609.

24

[3] *See* Docket No. 611.

25

[4] *See* Docket No. 612-4.

26

[5] *See* Docket Nos. 615, 616.

27

28

United States District Court
Northern District of California

| | | $24,331.07 |
|---|---|---|
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case. | | $24,331.07 |
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. | | $3,911.06 |
| Witness fees | | $2,444.00 |
| | **Total** | **$30,686.13**[7] |

Apple now moves for review and seeks the following costs:

| Category | Sub-category | Clerk's taxation | Total costs sought on review |
|---|---|---|---|
| Transcripts | Hearing & trial transcripts | $24,331.07 | $22,251.35 |
| | Deposition transcripts | | $25,351.07 |
| | Deposition video recordings | | $13,763.25 |
| | **Subtotal** | **$24,331.07** | **$61.365.67** |

| Category | Sub-category | Clerk's taxation | Total costs sought on review |
|---|---|---|---|
| Witness Fees | Witness Fees | $2,444.00 | $2,444.00 |
| | **Subtotal** | **$2,444.00** | **$2,444.00** |

| Category | Sub-category | Clerk's taxation | Total costs sought on review |
|---|---|---|---|
| Exemplification & copies | Trial exhibits & witness binders | $3,911.06 | $60,997.90 |
| | Trial graphics | | $17,617.61 |
| | Electronic discovery | | $44,635.52 |
| | **Subtotal** | **$3,911.06** | **$123,251.03** |

| | | | |
|---|---|---|---|
| | **TOTAL** | **$30,686.13** | **$187,060.70**[8] |

**II.**

This court has jurisdiction under 28 U.S.C. §§ 1331 and 1338.  The parties further

consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and

---

[6] *See* Docket No. 620.

[7] *See* Docket No. 621.

[8] *See* Docket No. 622 at 3.

2

United States District Court
Northern District of California

United States District Court
Northern District of California

1   Fed. R. Civ. P. 72(a).[9]

2                                    **III.**

3          The court may exercise its discretion to award costs to the prevailing party.[10]  A party

4   "prevails when actual relief on the merits of [its] claim materially alters the legal relationship

5   between the parties,"[11] and there can only be one prevailing party within the meaning of Rule

6   54(d).[12]  "Determination of the prevailing party is based on the relation of the litigation result to

7   the overall objective of the litigation, and not on the count of the number of claims and defenses"

8   on which each party succeeded.[13]  In patent infringement cases, a party that establishes non-

9   infringement and avoids liability may be the prevailing party even though it is unsuccessful on an

10  invalidity defense.[14]

11         Whether the Clerk's taxation of costs was appropriate must be analyzed according to the

12  law of the regional circuit.[15]  In the Ninth Circuit, there is a "strong presumption" in favor of

13  awarding costs to the prevailing party.[16]  By contrast, the burden is on the non-prevailing party to

14  show why taxable costs should not be awarded.[17]  To deny such an award, the district court must

15

16  [9] *See* Docket Nos. 256, 257.

17  [10] *See Manildra Mill Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1183 (Fed. Cir. 1996) ("As the
    Supreme Court noted in *Farrar*, even if a party satisfies the definition of prevailing party, the
18  district court judge retains broad discretion as to how much to award, if anything.").

19  [11] *Manildra Mill Corp.*, 76 F.3d at 1182 (internal quotation marks omitted).

20  [12] *See Shum v. Intel Corp*, 629 F.3d 1360, 1367 (Fed. Cir. 2010).

21  [13] *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005)
    (abrogated on other grounds by *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct.
22  1749 (2014)).

23  [14] *See, e.g.*, *Brooks Furniture Mfg., Inc.*, 393 F.3d at 1381; *Kinzenbaw v. Case LLC*, Case No. 05-
    cv-01483, 2006 WL 1096683, at *3 (Fed. Cir. Apr. 26, 2006); *Emblaze Ltd. v. Apple Inc.*, Case
24  No. 5:11-cv-01079-PSG, 2015 WL 1304779, at *3-4 (N.D. Cal. March 20, 2015).

25  [15] *See Manildra*, 76 F.3d at 1183 ("Even if a party satisfies the definition of prevailing party, the
    district court judge retains broad discretion as to how much to award, if anything.").
26
    [16] *Apple Inc.*, 2014 WL 4745933, at*5 (citing *Miles v. California*, 320 F.3d 986, 988 (9th Cir.
27  2003)).

28
Case No. 5:12-cv-04882-PSG
ORDER GRANTING REVIEW OF TAXATION OF COSTS

United States District Court
Northern District of California

1  provide specific reasons identifying why a particular case is not ordinary and that special

2  circumstances exist.[18]  These circumstances are extremely limited.[19]

3  **IV.**

4  Applying the above standards, the court finds that Apple was the prevailing party and is

5  entitled to its taxable costs.  Although Apple did not invalidate GBT's patent, it succeeded in its

6  non-infringement defense and achieved its overall litigation objective of avoiding liability.[20]

7  *First*, Apple requests costs for three categories of transcripts: hearing and trial transcripts,

8  deposition transcripts and deposition video recordings.[21]  Under 28 U.S.C. § 1920, a prevailing

9  party may recover "[f]ees for printed or electronically recorded transcripts necessarily obtained for

10  use in the case."  The hearing transcripts were used for trial briefing and Apple's motions for

11  judgment as a matter of law, and thus were necessarily incurred for use in this case.[22]  As for the

12  expedited and realtime costs for the trial transcripts,[23]  although this court does not award these

---

[17] *Id.*

[18] *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003); *Champion Produce, Inc. v. Rudy Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003).

[19] *See Quan v. Computer Sciences Corp.*, 623 F.3d 870, 888-89 (9th Cir. 2010) (internal citation and quotation marks omitted); *Emblaze Ltd.*, 2015 WL 1304779 at *4 n.32.

While Emblaze may try to argue that—as a small company—it falls into the first category, this category typically covers indigent plaintiffs or low-income individuals or groups in civil rights cases who appropriately receive an exception under the Ninth Circuit standard.  *See, e.g.*, *Assoc. of Mex.-Am. Educators v. State of Cal.*, 231 F.3d 572 (9th Cir. 2000); *Bowoto v. Chevron Corp.*, Case No. 99-cv-02506, 2009 WL 1081096 (N.D. Cal. Apr. 22, 2009); *Schaulis v. CTB/McGraw-Hill, Inc.*, 496 F. Supp. 666 (N.D. Cal. 1980).  Under this precedent, Emblaze's "limited financial resources" in the context of a patent case simply do not appear to count.

[20] *See* Docket No. 548 at 2-3.

[21] *See* Docket No. 622 at 5-6.

[22] *See* Docket No. 622 at 5.

[23] *See id.*

4
Case No. 5:12-cv-04882-PSG
ORDER GRANTING REVIEW OF TAXATION OF COSTS

1   types of costs as a matter of course,[24] the undersigned's experience with patent trials like the one

2   in this case has been that expedited trial transcripts and real-time transcription are in fact

3   "necessarily obtained."  When trial judges push hard on parties at trial to raise objections and

4   motions promptly—so as to minimize the burden on both judge and jury from delay—it is difficult

5   to conclude otherwise.[25]

6       As for deposition transcripts and video recordings,[26] Section 1920 and Civ. L.R. 54-3(c)(1)

7   allow the recovery of the cost, including video recording, of any deposition taken in connection

8   with the case.[27]  All of the deposed witnesses were named on the parties' trial witness lists and the

9   majority testified as witnesses at trial.[28]  Apple does not request any impermissible costs[29]

10  associated with expediting or shipping the deposition transcripts.[30]  Apple therefore shall receive

11  its full requested transcript costs: $22,251.35 for hearing and trial transcripts, $25,351.07 for

12  deposition transcripts and $13,763.25 for deposition video recordings.

13      ***Second***, Apple requests exemplification and copy costs for its trial exhibits and witness

14  binders, trial graphics and electronic discovery.  Under 28 U.S.C. § 1920(4), "[f]ees for

15  exemplification and the costs of making copies of any materials where the copies are necessarily

16

17

18  [24] *See, e.g.*, *TransPerfect Global, Inc. v. MotionPoint Corp.*, Case No. 10-cv-02590, 2014 WL 1364792, at *4 (N.D. Cal. Apr. 4, 2014) (denying costs for trial transcripts delivered hourly and costs for RealTime); *Apple Inc.*, 2014 WL 4745933, at *7 (N.D. Cal. Sept. 19, 2014) (awarding

19  only standard daily transcripts, but noting that Apple had withdrawn its costs request for expedited transcripts).

20

21  [25] *See Kinzenbaw*, 2006 WL 1096683, at *6.  Because *Kinzenbaw* originated in the District of Iowa, the district court applied Eighth Circuit rather than Ninth Circuit law.  But GBT offers no clear Ninth Circuit authority suggesting a different standard.

22

23  [26] *See* Docket No. 622 at 5-6.

24  [27] *See* 28 U.S.C. § 1920; Civ. L.R. 54-3(c)(1).

25  [28] *See* Docket Nos. 433, 436.

26  [29] *See Emblaze Ltd.*, 2015 WL 1304779 at *5.

27  [30] *See* Docket No. 622 at 6.

28
Case No. 5:12-cv-04882-PSG
ORDER GRANTING REVIEW OF TAXATION OF COSTS

*United States District Court*
*Northern District of California*

1    obtained for use in the case" are taxable.  Civ. L.R. 54-3(d)(4)-(5) specify that "[t]he cost of

2    reproducing trial exhibits is allowable to the extent that a Judge requires copies to be provided"

3    and that "[t]he cost of preparing charts, diagrams, videotapes, and other visual aids to be used as

4    exhibits is allowable if such exhibits are reasonably necessary to assist the jury or the Court in

5    understanding the issues at trial."  Apple's trial exhibit costs were incurred for presenting evidence

6    at trial, including stamped exhibit copies and copies of the final set of admitted exhibits for both

7    parties.[31]  These costs are necessary and allowable.

8        As for the trial graphics and demonstratives, these also were "reasonably necessary"[32]

9    because this case, like many patent cases, "is exactly the type of complex litigation that requires

10   high-quality demonstratives for the edification of the jury."[33]  Apple may recover costs associated

11   with "the physical preparation and supplication of documents."[34]  Moreover, these demonstratives

12   did not present themselves, and so Apple also may recover the costs for the "in-court technician

13   time and the equipment" necessary to present the demonstratives.[35]

14       As for electronic discovery, "only costs incurred specifically to produce documents to the

15   opposing party are recoverable."[36]  "[C]ourts in this district have approved a method that

16   calculates what percentage of overall documents were produced to the opposing party and then

17   applies that percentage to production-related costs in the vendor's invoices."[37]  Hosting fees are

18   excluded, however, because "the court does not tax hosting fees."[38]  Apple seeks "physical

---

[31] *See* Docket No. 622 at 7; Docket No. 616-2 at 5-8.

[32] Civ. L.R. 54-3(d)(5).

[33] *Id.* at *6.

[34] *Emblaze, Ltd.*, 2015 WL 1304779 at *7.

[35] *Id*. at *7.

[36] *Id.*

[37] *Id.*

[38] *Id.* (quoting *eBay Inc. v. Kelora Sys., LLC*, Case No. 10-cv-04947 et al., 2013 WL 1402736, at

Case No. 5:12-cv-04882-PSG
ORDER GRANTING REVIEW OF TAXATION OF COSTS

United States District Court
Northern District of California

preparation" costs directly relating to the electronic preparation, duplication and production of documents that it produced to GBT, and excludes the intellectual effort and hosting costs associated with this production.[39]  It also seeks a percentage of its upload copy costs and work for load file preparations, which reflects the proportion of such costs that were associated with documents produced to GBT.[40]  Because Apple seeks only costs incurred in producing documents to GBT, and excludes impermissible fees, it shall receive its full requested costs in this category.

In sum, in addition to the $30,686.13 previously taxed by the Clerk, Apple shall receive the following additional costs, for a total cost award of $187,060.70:

| Category | Sub-category | Clerk's taxation | Costs awarded on review |
|---|---|---|---|
| Transcripts | Hearing & trial transcripts | $24,331.07 | $22,251.35 |
| | Deposition transcripts | | $25,351.07 |
| | Deposition video recordings | | $13,763.25 |
| | **Subtotal** | **$24,331.07** | **$61.365.67** |

| Category | Sub-category | Clerk's taxation | Costs awarded on review |
|---|---|---|---|
| Witness Fees | Witness Fees | $2,444.00 | $2,444.00 |
| | **Subtotal** | **$2,444.00** | **$2,444.00** |

| Category | Sub-category | Clerk's taxation | Costs awarded on review |
|---|---|---|---|
| Exemplification & copies | Trial exhibits & witness binders | $3,911.06 | $60,997.90 |
| | Trial graphics | | $17,617.61 |
| | Electronic discovery | | $44,635.52 |
| | **Subtotal** | **$3,911.06** | **$123,251.03** |

| | | | |
|---|---|---|---|
| | **TOTAL** | **$30,686.13** | **$187,060.70**[41] |

---

*17 (N.D. Cal. Apr. 5, 2013).

[39] *See* Docket No. 622 at 9.

[40] *See id.* at 9-10.

[41] *See* Docket No. 622 at 3.

Case No. 5:12-cv-04882-PSG
ORDER GRANTING REVIEW OF TAXATION OF COSTS

United States District Court
Northern District of California

United States District Court
Northern District of California

1    **SO ORDERED.**

2    Dated: December 21, 2015

3                                                    _____
                                                     PAUL S. GREWAL
4                                                    United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                             8
     Case No. 5:12-cv-04882-PSG
     ORDER GRANTING REVIEW OF TAXATION OF COSTS